W. F. PATTON, SURVIVING PARTNER OF W. F. PATTON, SONS & CO. v. J. S. CARR.

*Partnership—Surviving Partner—Receiver—Action by Surviving Partner Against Surety of Deceased Partner—Negotiable Instruments—Accommodation Indorser.*

1. A note executed by a member of a partnership to a third party who, as surety and for the accommodation of the maker, endorses it and receives no benefit from it, cannot be the subject of an action at law against the endorser by the firm, nor, in case of the death of the maker of the note, can the surviving partner maintain an action on the note against the accommodation endorser unless the firm be insolvent.

2. Where the surviving partner of a firm is appointed receiver of the firm, he cannot maintain an action against one who, as surety and for the accommodation of the deceased partner, endorsed the latter's note which was discounted by the firm, if it appear that the assets of the partnership are sufficient to pay its debts and leave a surplus against the deceased partner's share of which the note can be charged.

3. The surety of a deceased partner on a debt due to the partnership has the right to compel the application of such deceased partner's share of the assets in the hands of the surviving partner to the payment of the debt in exoneration of such surety's liability.

CIVIL ACTION by W. F. Patton, as surviving partner and Receiver of the firm of W. F. Patton, Sons & Co., of Danville, Va., against the defendant on a note endorsed by him for the accommodation of C. H. Conrad a deceased partner of said firm, tried before *Greene, J.*, at March Term, 1895, of DURHAM SuperiorCourt, a jury trial being waived. Upon the facts agreed, the material parts of which appear in the opinion of FURCHES, J., his Honor gave judgment for the plaintiff for $5,000 and defendant appealed.

*Fuller, Winston & Fuller* for plaintiff.
*Messrs. W. A. Guthrie* and *Shepherd, Manning & Foushee,* for defendant (appellant).

FURCHES, J.: Counsel, in their well considered arguments, presented this case in several aspects; but we are of the opinion that a correct solution of the whole controversy depends on a few well defined principles of commercial law and of equity.

C. H. Conrad and the plaintiff, Patton, were partners, doing a banking business in Danville, Va., and Conrad, on the 17th of March, 1893, executed a note payable to the defendant Carr for $5,000, due four months after date, which Carr, at the request and for the accommodation of Conrad, endorsed. Soon thereafter Conrad presented this note at the banking house of plaintiff and Conrad and it was there discounted. Before the maturity of this note Conrad died intestate, leaving the plaintiff the only surviving partner of this partnership concern. Not long after the death of C. H. Conrad and before the commencement of this action, one C. L. Holland was duly appointed and qualified as the administrator of said Conrad, and the plaintiff Patton, as said surviving partner, commenced a suit in equity, in the City of Danville, Va., for a final account and settlement of said concern, for injunctive relief and for a receiver, in which the plaintiff was appointed, and commenced this action as surviving partner and receiver, against the defendant Carr, as the endorser of said note.

Defendant answering, admits that he endorsed the note; that he did so at the request of Conrad and purely as a matter of accommodation to Conrad; that Conrad got the entire benefit of the proceeds of said note, and that he, Carr, was never benefitted one cent thereby ; that in no event can he be considered more than the surety of Conrad. That the said partnership concern of plaintiff and said Conrad was, and is now entirely solvent; that after paying all its debts and liabilities, there will be a surplus left

117—12

in the hands of plaintiff to be paid over by him "to Chas. L. Holland, as administrator of Chas. H. Conrad, deceased."

In addition to the above allegations contained in defendant's answer, he makes the bill of complaint of plaintiff in the court of Virginia, in which plaintiff was appointed receiver and his reports to the court therein, exhibits and a part of his answer, from which it appears that said Conrad at the time of his death had $13,000 on deposit in said banking house to his credit; that since his death $20,000 life insurance has been collected and is now on deposit in said banking house, which Conrad's administrator is claiming. But plaintiff is claiming that one half of this should inure to the benefit of the firm, and that in plaintiff's report as receiver to the Court of Danville, Va., it is shown that the assets of this partnership amounted to $300,289.12. That to all these allegations of fact contained in defendant's answer the plaintiff makes no reply or denial. Plaintiff and defendant, in addition to what has been stated, agree upon a state of facts and among them are the following :

"The partnership of W. F. Patton, Sons & Co. (and this is the partnership of plaintiff and C. H. Conrad) is solvent and the receivership aforesaid has not been wound up. There will be a surplus in the settlement of the receivership affairs of W. F. Patton, Sons & Co., to be divided between the plaintiff W. F. Patton and the estate of C. H. Conrad, deceased. Said C. H. Conrad had $13,000, balance deposited to his credit in the bank of W. F. Patton, Sons & Co. at the time of his death. His estate was then and still is solvent." That defendant endorsed the note sued on for the accommodation of C. H. Conrad, and Conrad had it discounted at the banking house of W. F. Patton, Sons & Co., of which Conrad was a partner, and that Conrad got the benefit of the proceeds of the note and Carr got .

nothing from the transaction, seems not to be disputed as facts.

This in no view of the case could make Carr anything more than the surety of Conrad. And all these facts, being known to Conrad, the partner of plaintiff, in law were all known to plaintiff, 1 Bates on Partnership, par. 389. This presents a case in which Conrad was both payer and payee, and so far as Conrad was concerned never constituted what is known as a *legal* cause of action, *Clement* v. *Foster*, 3 Ired. Eq., 213. It could only be adjusted by the partners themselves, or in equity, upon a dissolution and settlement of the concern. *Clement* v. *Foster, supra.* Neither would it have been the subject of an action at law against the defendant by the firm, if Conrad were still living, as the note—the cause of action—would neccessarily disclose the equity of the case. The death of Conrad, leaving the plaintiff survivor, does not change the law of the case and does not authorize the plaintiff to bring an action which he and his co–partner would not have had a right to bring if he were living.

We think the plaintiff's cause of action (the note sued on) necessarily discloses the equitable jurisdiction of the case; but if it does not, it is certainly raised by the defendant's answer and must be determined upon equitable principles. It therefore being known to plaintiff that this is in fact the debt of his partner C. H. Conrad, and that defendant at most is not more than Conrad's surety, he cannot maintain this action against this defendant, either as surviving partner or as receiver, without alleging and showing his equities. 1 Bates, *supra*, par. 750. If he claims to sue as receiver, he should allege that Conrad the principal debtor's estate is insolven, and it is necessary to resort to defendant, Conrad's surety, for the benefit of creditors, as creditors have no interest in making the defendant pay Conrad's

debt, if the firm is solvent, which of course includes Conrad's individual estate.

Nor is the plaintiff, as survivor, interested in making the defendant pay Conrad's debt, if he has funds of Conrad's in his hands and partnership assets sufficient and more than sufficient to pay the firm .indebtedness, and to pay him his part of the partnership profits. Indeed, it would be unjust and inequitable to do so, if he could.

But it is no further contended but that Conrad is the principal and defendant is the surety; that the note was discounted by this partnership, and by the death of Conrad it has fallen into the hands of plaintiff as surviving partner. Still, if Conrad has paid it, the defendant should not be required to pay it also. But if Conrad has not *actually* paid it in the strict legal sense of payment, but has abundant means in plaintiff's hands to pay it, and plaintiff as surviving partner is fully authorized, and it is his duty in settling the concern, to make the application, should he be allowed to go on and collect it out of the defendant? A surety has a right to compel an application in such cases in exoneration of the debt of his principal. *Nelson* v. *Wllliams*, 2 Dev. & Bat. Eq., 118; Pomeroy Eq. Jur., Sec. 1417, and note; *Fealtey* v. *McDonald*, 8 Norris, 128; *Early* v. *Rice, Ibid*, 297.

We must understand when the plaintiff says there will be a sufficient amount of the partnership assets to satisfy all of the liabilities of the partnership and a surplus over to be divided between him and Holland, the personal representative, that this claim is included; because he knows that Conrad owes it to the firm, and he would have no right to distribute and pay over assets to Holland as the administrator of Conrad, when Conrad was still owing the firm.

It will not be understood· from what we have said in

discussing the facts of this case that a survivor may not ordinarily sue an endorser, where there is no connection of the principal in the note with the partnership.        There is error.                                                        Error.