⸱T. L. VAUGHN v. COMMISSIONERS OF FORSYTH COUNTY.

⸱*Counties—Power of County Commissioners to Mortgage County Land—Injunction—Right of Tax Payer.*

⸱1. County Commissioners have no power to sell property held for corporate purposes where its alienation would tend to embarrass or prevent the performance of its duties to the public; and, hence, they have not the right to mortgage county land to secure bonds issued to build a court-house thereon.

⸱2. Power to sell is not a power to mortgage; and, hence, express authority conferred by statute upon County Commissioners, without consent of the justices of the peace of the county to sell real estate of the county at a fair price, does not imply power to encumber the same by mortgage.

⸱3. Though a proposed mortgage of county land by the County Commissioners to secure bonds issued to build a court-house would be void and equity would enjoin foreclosure thereunder, a tax payer may bring an action to restrain the execution of the mortgage without waiting until foreclosure is threatened.

ACTION FOR AN INJUNCTION, pending in FORSYTH Superior Court, heard before *Norwood, J., at Chambers*, March 23, 1896, upon facts agreed as follows:

" That plaintiff is a citizen and tax payer of Forsyth ⸱county, and defendant is the owner of a valuable lot of ground in the city of Winston, formerly used as a court-house seat; that a court-house until recently stood ⸱thereon. When it was found entirely insufficient for the wants of Forsyth county, and that the public business and convenience required a larger and more commodious building, for the purpose of constructing a building more suitable to the wants of the public, the court-house which stood ⸱on said site was torn down and the lot is now cleared and

excavation made for a new building; that, by an order of the Board of Commissioners, bonds or notes of the county were issued for an aggregate of $50,000 to be used in the construction of said court-house; that this sum is not extravagant, but is sufficient for the purpose aforesaid; that the County of Forsyth has a population of about 29,000 people; its taxable property is $8,000,000, and it owes no debt save a small floating debt for current expenses that can be promptly met on presentation; that the facts set forth in article No. 4 of the complaint are true; that the defendants have made an effort to negotiate a loan in favor of the county and float the said $50,000 of notes, but have been unsuccessful; that it cannot be done without some additional security; that defendants have negotiated to sell said bonds at par and mortgage said lot of land to secure said bonds; that this can be done and the money raised to construct the building; that the contemplated court-house building is to be placed on the public square to be mortgaged."

The 4th article of the complaint referred to in the agreed statement is as follows: ·

"4th—That for the purpose of erecting a court-house building for the County of Forsyth on said square, the said Board of Commissioners have passed an order to issue bonds of the said county in the sum of fifty thousand dollars, bearing 6 per cent. interest, and payable as follows: Twenty thousand dollars payable in two years; twenty thousand dollars payable in three years; ten thousand dollars payable in four years. That for the purpose of securing said bonds the defendants have adopted the following resolutions, adopted at an adjourned meeting of said board held on March 11, 1896:

" *Whereas,* The building of a court-house for the County

of Forsyth is a public necessity for which it is necessary to raise funds; and,

" *Whereas,* As it now appears, it will be necessary to obtain additional legislation before the Board of Commissioners can levy a special tax for the purpose of meeting the payments of the notes which it will be necessary to issue and sell before the said court-house is built; and,

" *Whereas,* The County of Forsyth is at this time without a court-house building, and parties have signified their willingness to purchase said notes if the same are amply secured; now, therefore,

" *It is ordered,* that M. D. Bailey, Chairman of the Board of County Commissioners, is hereby authorized and empowered to execute a deed of trust to the Wachovia Loan and Trust Company, as trustee, on the court-house lot, 200 feet square, for the purpose of securing the payment of the principal and interest of the $50,000 Court-house notes to be issued payable $20,000 in two years, $20,000 payable in three years, and $10,000 in four years, with interest from date at 6 per cent. until paid, said notes to be issued for the purpose of securing money with which to erect a court-house building."

" That in pursuance of said order and authority granted him by the Board of Commissioners, the said M. D. Bailey, Chairman of the said Board, is about to execute a deed of trust upon said county property for the purpose indicated in said order, which said deed of trust will contain a clause granting power of sale to the Wachovia Loan and Trust Company, trustees, to sell the said property of the County of Forsyth if said bonded indebtedness is not paid as it falls due."

His Honor refused the injunction and dissolved the restraining order which had previously been issued by *Starbuck, J.,* and plaintiff appealed.

*Messrs. Watson & Buxton* and *A. E. Holton*, for plaintiff (appellant).

*Messrs. Glenn & Manly*, for defendant.

AVERY, J : The right to contract the contemplated bonded indebtedness has already been passed upon. *Vaughn* v. *Commissioners*, 117 N. C., 429. It may be that this or the former action was brought for the purpose of extracting advice from the Court, but nothing appears upon the face of the record to show that it is not a *bona fide* controversy between parties, as it was properly constituted below and brought up for review according to the regular course of the court. This. Court has no right to indulge in or act upon mere conjecture.

A County is a governmental agency created in part at least for the purpose of providing public buildings for the administration of justice and for the safe-keeping of prisoners. The county revenue is safe from seizure by creditors, or even for taxes due the Federal Government, because to admit the right to appropriate them in satisfaction of a claim would be to concede the power to destroy the State government by depriving its agencies of the means of performing their proper functions. Subject to the restrictions contained in the Federal Constitution, the State is a Sovereignty, and it is essential to its preservation to give to all property held for it by such agencies, as Counties, the same protection as is given to that held in its own name. *Hughes* v. *Commissioners*, 107 N. C., 598; *Meriweather* v. *Garnett*, 102 U. S., 473; *U. S.* v. *Railroad*, 17 Wall., 322. The same exemption from seizure and sale under execution is extended to property held for public use, such as public buildings, streets, engine houses, and everything which is devoted to governmental purpose. Dillon Mun. Corp., Sec. 576; *Hughes* v. *Commissioners, supra; Gooch* v. *Gregory*,

65 N. C., 142. For the same reason no lien is acquired by judgment creditors or 'mechanics against property devoted to governmental purposes, whether the title be in the State or a County, unless where the Legislature expressly provides for its acquisition. *City of Davenport* v. *Insurance Co.*, 17 Iowa, 276; *Schoffer* v. *Cadwelder*, 36 Pa. St., 126; *Leonard* v. *Brooklyn*, 71 N. Y., 498; *Bell* v. *Mayor*, 105 N. Y., 139; 2 Dillon, *supra*, Sec. 577. It is equally well settled that neither a public corporation nor a *quasi* public corporation has the power to sell property held for corporate purposes, where the alienation of it would tend to embarrass or prevent the performance of its duties to the public. *Hughes* v. *Commissioners, supra; Gooch* v. *McGee*, 83 N. C., 59.

It is contended that the amendatory act (Laws 1895, Ch. 135, Sec. 1) makes no change or no material alteration in the language of *The Code*, Sec. 707 (20). But whether the contention be well founded or not, if the County Commissioners have no authority to convey the land on which they propose to erect the court-house, by a mortgage deed to secure the bonds issued to build it, and thereby render the site and buildings liable to sale for the satisfaction of the debt, it is needless to discuss the effect of the legislative amendment. For, though it be conceded that the effect of the amendment was to delegate to the Commissioners, without the assent of the justices, the power " to sell or lease the real property of the county and to make deeds or leases for the same to any purchaser or lessee," they cannot by any fair implication claim the right under this authority to encumber by mortgage instead of making an absolute sale. The general rule, as laid down by almost all of the text writers and a majority of the courts of the states, is that a power to sell and convey real estate does not confer authority to mortgage. To

bring a particular case within the exception to the rule, it must appear from the language used and the nature of the property subject to the power, that the principal donor or grantor of the power intended that the agent should be at liberty to raise money by mortgaging it. 1 Jones Mort., Sec. 127; 2 Dillon, *supra*, Sec. 579; *Stonghill* v. *Anstey*, 2 DeG. M. & G. R., 634 (490); *Morris* v. *Watson*, 13 Minn., 212. " A power to sell," said the Supreme Court of Massachusetts in *Hoyt* v. *Jaques*, 129 Mass., 286, " implies that the attorney is to receive for the benefit of the principal a fair and adequate price for the land; a power to mortgage involves a right in the attorney to convey the land for a less sum, so that the whole estate may be taken on a foreclosure for only a small part of its value. So, under a will, a trust with power to sell *prima facie* imports a power to sell ' out and out,' and will not authorize a mortgage, unless there is something in the will to show that a mortgage was within the intention of the testator." It is true that some decisions are to be found which are in conflict with the general consensus of opinion, especially where the controverted question is whether a strictly private corporation is authorized to mortgage its land. Corporations, which exercise delegated governmental authority, such as Counties, must be confined to a strict construction of the statutes granting their powers. There is nothing in the nature of their duties to give rise to the implication that the State intends to clothe them with any other power than that expressly conferred, and the further right to do what is necessary to the complete exercise of the express powers. Where the law so jealously protects the rights of the Sovereign State against the sale of its property devoted to public purpose, by any implication, in satisfaction of mechanic's liens or judgments, it would be strangely inconsistent to infer from an express power to sell at a

118—41

fair price the intent on the part of the grantor of the power to permit an indirect alienation at much less than the value of the property. Such latitude in construction appears still more unreasonable where the effect is to place an incumbrance upon a building and site provided for the administration of justice.

Where a taxpayer shows *prima facie* that an illegal tax is about to be levied by the County authorities or that they are about to issue bonds of the County contrary to law, courts of equity will restrain such abuse of power at his instance. *McDowell* v. *Construction Co.*, 96 N. C., 514. Though the mortgage deed which the defendants propose to execute would be void, it would nevertheless cast a cloud upon the title of the County to the land, (Beach on Ins., Sec. 708, 709,) and as a court of equity would enjoin a sale for foreclosure under the mortgage, it has for the same reason the right to grant its aid in the incipiency of the proceeding by thwarting the attempt to give a power of sale. In an action for possession by a purchaser at a foreclosure sale of the proposed mortgage, it would become necessary to resort to extrinsic evidence to show the action of the Commissioners and then to establish the fact that they had transcended their powers. . Beach on Inj., Sec. 609; *Roth* v. *Insley*, 86 Cal., 134. Where a sale by virtue of a mortgage deed, though it be unlawfully executed, would tend to compel persons having an interest in the property which it is proposed to incumber to resort to such means for protection, the same reasons exist for taking time by the forelock upon a proper application, as where the mortgagee is about to sell to foreclose. The plaintiff has an interest in common with other taxpayers in protecting property purchased by the County tax fund, and especially where, if it be sacrificed at a foreclosure sale, the

taxpayers will be called upon to provide other property for public use in its stead. For the reasons given there was error in vacating the restraining order.

Error.