TOWN OF GASTONIA v. McENTEE-PETERSON ENGINEERING
COMPANY.

(Filed November 25, 1902.)

1. GARNISHMENT—*Attachments—Contracts—Liens.*

The creditors of a contractor acquire no lien on funds in the
hands of a town applicable to the contract between the con-
tractor and the town, by garnishments served before the
completion of the contract.

2. PRINCIPAL AND SURETY—*Contracts.*

A surety of a contractor is entitled to have funds in the hands
of a town applicable to the contract between the contractor
and the town applied in satisfaction of claims secured by
the bond as against other general creditors of the con-
tractor.

ACTION by the town of Gastonia and others against the
McEntee-Peterson Engineering Company and the American
Surety Company, heard by Judge *H. R. Starbuck* and a jury,
at February Term, 1902, of the Superior Court of GASTON
County.

This was a civil action, tried at the Spring Term, 1902, of
Gaston Superior Court by Judge Starbuck. A jury trial
having been waived, the Court having found the facts as set
out in the record, to which findings there was no exception,
except to finding No. 12. The action was originally brought
by the town of Gastonia to recover upon a bond in the penal
sum of $3,000, executed by the McEntee-Peterson Engineer-
ing Company, as principal, and the American Surety Com-
pany as surety, to the town of Gastonia and its Mayor and
Board of Aldermen, *to indemnify and save harmless the obli-
gees against loss or damage* on account of the construction of
an electric lighting plant and water works pumping station
by the engineering company, and *to secure the payment of all
materials furnished and used, and labor performed in the con-*

*struction of said public works.* The engineering company, before entering upon said work, executed a written contract with the town, by which it stipulated to construct said works for $7,270, in accordance with the terms of said contract, and contemporaneous with, and as a part thereof, executed said bond as principal, with the surety company as surety, for the purposes above stated.

The work was completed according to contract, and accepted by the town on 20 October, 1900, at which time there remained in the hands of the officers of the town a balance of $1,560.86 of the price agreed to be paid for said work, and the engineering company owed to the plaintiffs (other than the town and its officers) $3,907.64, for materials furnished to and used by the engineering company in constructing said work, no part of which has ever been paid.

On the 18 October, 1900, the Post-Glover Electric Company instituted a civil action in the Superior Court of said county against the engineering company to recover the sum of $302.88 (an indebtedness *not* contracted for materials or labor used in or about said works), and caused a warrant of attachment to be issued therein, by virtue of which the Sheriff of said county, on 19 October, levied upon said water works pumping station and electric lighting plant, as the property of said engineering company, and also served notice of garnishment upon the town and its officers of any funds in the hands of either, belonging to or due the engineering company; and on the 20th of said month, the Illinois Insulated Wire Company also instituted a civil action against the engineering company to recover the sum of $999.16 (for materials furnished to and used by the engineering company in constructing said works), and *likewise attached* and *garnisheed* the *same property* and *funds* levied upon in the Post-Glover case.

The town and its officers *filed answers* to the notices of garnishment in both cases, in *which they denied* that they

owed any debt or held any funds belonging to the engineering company *subject to garnishment,* having been *compelled* for that purpose to *employ counsel* to advise and represent them in said matters, at the cost of $300.

Subsequently, on 8 February, 1901, the town of Gastonia, *alone,* instituted this action against the defendants, for the purpose of adjudicating the rights and interest of the several parties claiming the balance of the funds in its hands, as a part of the contract price for said work, and also to recover the penalty of said bond, to be discharged by the payment of $300, paid out by it in defending said garnishment proceedings, and the further sum of $3,907.64, the balance due for materials furnished as aforesaid, less the sum of $1,560.86, the balance of the original contract price for said work remaining in the hands of its officers. At June Term, 1901, of said Court, upon affidavit and petition, the Court permitted all the plaintiffs (other than the town of Gastonia) to become parties plaintiff in this action.

At the February Term, 1902, this action and the cases of the Post-Glover Electric Company and the Illinois Insulated Company against McEntee-Peterson Engineering Company, were, by consent, and without prejudice, consolidated.

Upon the facts found, the Court gave judgment for the plaintiffs for the full penalty of the bond, to be discharged upon the payment of the "balance found to be due upon the said sum of $3,907.64, for materials furnished by the several plaintiffs above named, with six per cent interest from the 23d of October, 1900, until paid, after applying thereto the sum of $1,410.86, the balance remaining in the hands of the officers of said town of the contract price of said work, after deducting the sum of $150 paid out by it for legal services rendered as aforesaid."

The Court also adjudged that neither the Post-Glover Electric Company nor the Illinois Insulated Wire Company ac-

quired any lien "upon the tangible property levied upon by virtue of the warrants of attachment issued in said action, or upon the alleged indebtedness of $1,650.86 of the plaintiff municipal corporation to the McEntee-Peterson Engineering Company, by virtue of the notice of garnishment served upon the officers of said town by the Sheriff in said action." From this judgment the Post-Glover Electric Company and the Illinois Insulated Wire Company appealed.

*R. L. Durham,* for the plaintiffs.
*Burwell, Walker & Cansler,* for the defendants.

CLARK, J. (after stating the case as above). The exceptions to the judgment of the Court, holding that the attachment levied upon the water works pumping station and electric lighting plant created no lien on the property, can not be sustained. *Snow v. Commissioners,* 112 N. C., 335; *Vaughn v. Commissioners,* 118 N. C., 636.

It is true that in the case of an ordinary debt owing by a town to a third person, the debt may be garnisheed, 1 Dillon Mun. Corp. (4th Ed.), Sec. 101; but here, the engineering company itself could not have recovered the fund until it had complied with its contract with the town by furnishing it with releases of all claims for material used in constructing the work, and the garnishers can have no greater claim against the town than the garnishees through whom it is sought to make the collection. And further, as this money was not due the engineering company at the date of the garnishment (the work not having been completed and accepted), and as the engineering company never did become entitled to demand the payment of said money, for the reasons above stated, the several creditors who gave the town notice of their claims for material furnished the engineering company, thereby acquired a claim upon said funds, at least superior to any rights

the garnishers acquired.    Besides, the American Surety Company, having become surety to the engineering company for the faithful performance of said contract, upon any default of its principal, by which it became liable on said bond, if it did not become subrogated to the rights of its principal in this fund, it is at least entitled to have it applied to the payment of these claims for materials, in exoneration of its liability therefore.    *Patton v. Carr,* 117 N. C., 176.

No Error.