A jury trial having been waived, the court having found the *Page 257 
facts as set out in the record, to which findings there was no exception except to finding No. 12. The action was originally brought by the town of Gastonia to recover upon a bond in the penal sum of $3,000, executed by the McEntee-Peterson Engineering Company as principal, and the American Surety Company as surety, to the town of Gastonia and its mayor and board of aldermen, to indemnify and save harmless the obligeesagainst loss or damage on account of the construction of an electric lighting plant and waterworks pumping station by the engineering company, and to secure the payment of all materialsfurnished and used and labor performed in the constructionof said public works. The engineering company, (360) before entering upon said work, executed a written contract with the town, by which it stipulated to construct said works for $7,270, in accordance with the terms of said contract, and contemporaneous with and as a part thereof executed said bond as principal, with the surety company as surety, for the purposes above stated.
The work was completed according to contract and accepted by the town on 20 October, 1900, at which time there remained in the hands of the officers of the town a balance of $1,560.86 of the price agreed to be paid for said work, and the engineering company owed to the plaintiffs (other than the town and its officers) $3,907.64 for materials furnished to and used by the engineering company in constructing said work, no part of which has ever been paid.
On 18 October, 1900, the Post-Glover Electric Company instituted a civil action in the Superior Court of said county against the engineering company to recover the sum of $302.88 (an indebtedness not contracted for materials or labor used in or about said works), and caused a warrant of attachment to be issued therein, by virtue of which the sheriff of said county, on 19 October, levied upon said waterworks pumping station and electric lighting plant, as the property of said engineering company, and also served notice of garnishment upon the town and its officers of any funds in the hands of either belonging to or due the engineering company; and on the 20th of said month the Illinois Insulated Wire Company also instituted a civil action against the engineering company to recover the sum of $999.16 (for materials furnished to and used by the engineering company in constructing said works), and likewise attached and garnisheed the same property andfunds levied upon in the Post-Glover case.
The town and its officers filed answers to the notices of garnishment in both cases, in which they denied that they owed *Page 258 
any debt or held any funds belonging to the engineering (361) company subject to garnishment, having been compelled
for that purpose to employ counsel to advise and represent them in said matters at the cost of $300.
Subsequently, on 8 February, 1901, the town of Gastonia, alone, instituted this action against the defendants for the purpose of adjudicating the rights and interest of the several parties claiming the balance of the funds in its hands as a part of the contract price for said work, and also to recover the penalty of said bond, to be discharged by the payment of $300 paid out by it in defending said garnishment proceedings, and the further sum of $3,907.64, the balance due for materials furnished as aforesaid, less the sum of $1,560.86, the balance of the original contract price for said work remaining in the hands of its officers. At June Term, 1901, of said court, upon affidavit and petition, the court permitted all the plaintiffs (other than the town of Gastonia) to become parties plaintiff in this action.
At the February Term, 1902, this action and the cases of the Post-Glover Electric Company and the Illinois Insulated Wire Company against McEntee-Peterson Engineering Company were, by consent and without prejudice, consolidated.
Upon the facts found the court gave judgment for the plaintiffs for the full penalty of the bond, to be discharged upon the payment of the "balance found to be due upon the said sum of $3,907.64 for materials furnished by the several plaintiffs above named, with six per cent interest from 23 October, 1900, until paid, after applying thereto the sum of $1,410.86, the balance remaining in the hands of the officers of said town of the contract price of said work, after deducting the sum of $150 paid out by it for legal services rendered as aforesaid."
The court also adjudged that neither the Post-Glover Electric Company nor the Illinois Insulated Wire Company acquired any lien "upon the tangible property levied upon by (362) virtue of the warrants of attachment issued in said action or upon the alleged indebtedness of $1,650.86 of the plaintiff municipal corporation to the McEntee-Peterson Engineering Company, by virtue of the notice of garnishment served upon the officers of said town by the sheriff in said action." From this judgment the Post-Glover Electric Company and the Illinois Insulated Wire Company appealed.
The exceptions to the judgment of the court, holding that the attachment levied *Page 259 
upon the waterworks pumping station and electric lighting plant created no lien on the property, cannot be sustained. Snow v. Commissioners,112 N.C. 335; Vaughn v. Commissioners, 118 N.C. 636.
It is true that in the case of an ordinary debt owing by a town to a third person the debt may be garnisheed, 1 Dillon Mun. Corp. (4 Ed.), sec. 101; but here the engineering company itself could not have recovered the fund until it had complied with its contract with the town by furnishing it with releases of all claims for material used in constructing the work, and the garnishers can have no greater claim against the town than the garnishees through whom it is sought to make the collection. And further, as this money was not due the engineering company at the date of the garnishment (the work not having been completed and accepted), and as the engineering company never did become entitled to demand the payment of said money, for the reasons above stated, the several creditors who gave the town notice of their claims for material furnished the engineering company thereby acquired a claim upon said funds, at least superior to any rights the garnishers acquired. Besides, the American Surety Company, having (363) become surety to the engineering company for the faithful performance of said contract, upon any default of its principal by which it became liable on said bond, if it did not become subrogated to the rights of its principal in this fund, it is at least entitled to have it applied to the payment of these claims for materials, in exoneration of its liability therefor.Patton v. Carr, 117 N.C. 176.
No error.
Cited: Hall v. Jones, 151 N.C. 425.