E. D. CARSTARPHEN v. TOWN OF PLYMOUTH ET AL.

(Filed 15 September, 1920.)

**Municipal Corporations—Sale of Public Building—Jail—Notice—Approval of Voters—Injunction.**

In the absence of a special statute, the mayor and councilmen of a town are unauthorized to sell the only building of the town in which the jail and municipal offices, etc., are located, without having given the thirty days notice required by Rev., 2978, or the approval of the qualified voters of the town, Rev., 2916 (6), and in such instances a permanent injunction is proper.

APPEAL by defendants from *Cranmer, J.*, at July Term, 1920, of WASHINGTON.

*Majette & Whitley* for plaintiff.
*Ward & Grimes, Vance Norman*, and *Van B. Martin* for defendant.

CLARK, C. J. This is an action by the plaintiff, a citizen and taxpayer of Plymouth, against the mayor and councilmen to restrain the sale by them of a brick building owned by the town, in which is located the office of the mayor, the office of the chief of police, the town lock-up, the city market, and the city hall. This building is located upon land conveyed by Arthur Rhodes and wife to the trustees of the town of Plymouth in 1790. Said building is the only building owned or used by the town for the above purposes.

On 21 January, 1920, the mayor and board of councilmen passed a resolution looking to the sale of the said property, and the following night, at a public meeting attended by seventy-five citizens of Plymouth and others, bids were received, the last and highest bid being $13,251, by S. A. Ward, who is also a party defendant herein. Before the sale was consummated, a restraining order in this case was issued by Lyon, J.

Said sale, or attempted sale, was not made after thirty days public notice, as required by Rev., 2978. The Court finds the above facts, and

held that the mayor and councilmen were without authority to sell the said property, and decreed that the restraining order theretofore granted should be made permanent.

This judgment is in accordance with *Southport v. Stanly,* 125 N. C., 464. There is no special act authorizing the sale. There was no approval by a majority of the qualified voters of the said town, under Rev., 2916 (6).

Affirmed.