SMITH, Appellant, v. TOWN OF HOT SPRINGS, et al., Respondents.

No. 9043.

Submitted October 30, 1951. Decided January 11, 1952.

240 Pac. (2d) 249.

Mr. Lloyd I. Wallace, Mr. F. N. Hamman, Polson, for appellant.

Mr. A. S. Ainsworth, Thompson Falls, Mr. Bertram P. Berger, Hot Springs, for respondents.

Mr. Hamman and Mr. Ainsworth argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiff, a taxpayer in the town of Hot Springs, brought this action to enjoin defendants from erecting a sewage disposal plant upon property alleged to have been dedicated, platted, laid out and designated as a public park.

The court found in favor of defendants and plaintiff has appealed from the judgment.

The record discloses that in 1948 the town council took the proper steps to hold an election in the town of Hot Springs for the purpose of authorizing a bond issue in the sum of $170,000 to establish a sewer system and a sewage disposal plant. The election carried. At the time of the election it was talked of having the disposal plant about one-half mile east of the town and a survey to that end had been made, but no official action had been taken fixing the site of the proposed plant. In May 1950 the council fixed the location of the disposal plant on a tract of land which had been dedicated to the use of the public as a park within the limits of the town. The park consisted of a tract of land 215 by 605 feet and the proposed plant would take an area of 30 by 70 feet.

There was evidence that the proposed site would save the taxpayers about $55,000 as against the site one-half mile east of the town and in addition that the proposed site is more feasible. The park in question was dedicated by A. H. Maillette, Florence J. Maillette and Mike Kennelly under the requirements of R. C. M. 1947, sec. 11-602, subd. 9, by filing a plat as an addition to the town of Hot Springs. The plat designated lot 4 as a "public park." The dedication refers to the plat and otherwise was in the form prescribed by R. C. M. 1947, sec. 11-606, except that it does not mention "parks" but only "streets," "alleys," and "public squares," "as shown on said plat."

If we treat the dedication as one applying to lot 4 as a public park the court's conclusion was correct for under the express provisions of R. C. M. 1947, sec. 11-906, the city council has authority to vacate such parks. It provides: "The city or town council has power: To lay out, establish, open, alter, widen, extend, grade, pave, or otherwise improve streets, alleys, avenues, sidewalks, parks, and public grounds and vacate the same."

The courts hold that lands dedicated as parks may be vacated with the sanction of the legislature. State ex rel. Townsend v. Board of Park Com'rs, 100 Minn. 150, 110 N. W. 1121, 9 L. R. A., N. S., 1045; Clark v. City of Providence, 16 R. I. 337, 15 A. 763, 1 L. R. A. 725; and see Lloyd v. City of Great Falls,

107 Mont. 442, 86 Pac. (2d) 395. It should be noted that this dedication contained no reverter clause such as that involved in Hames v. City of Polson, 123 Mont. 469, 215 Pac. (2d) 950.

No formal action need be taken to vacate such a park. It may be accomplished by unequivocal acts showing a clear intent to abandon the use as a park such as the erection of permanent structures thereon used for other purposes. Porter v. International Bridge Co., 200 N. Y. 234, 93 N. E. 716.

We hold that the particular tract of land on which the sewage disposal plant is to be erected has in legal effect been vacated as a part of the park in question.

There is no merit to the contention that section 11-906 merely authorizes the town to vacate the whole of the park and that there is no authority to vacate a part thereof.

The greater contains the less. R. C. M. 1947, sec. 49-128. The judgment appealed from is affirmed.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES METCALF, BOTTOMLY and FREEBOURN concur.

Rehearing denied February 14, 1952.

