**NORTH CAROLINA NATURAL GAS CORPORATION, Appellee,**

v.

**SEABOARD SURETY CORPORATION, Appellant.**

**No. 8161.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 19, 1960.

Decided Nov. 21, 1960.

Charles E. Nichols, Greensboro, N. C. (Welch Jordan, and Jordan, Wright, Henson & Nichols, Greensboro, N. C., on the brief), for appellant.

Donald W. McCoy, Fayetteville, N. C. (Dickson Phillips, and Sanford, Phillips, McCoy & Weaver, Fayetteville, N. C., on the brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and BARKSDALE, District Judge.

PER CURIAM.

North Carolina Natural Gas Corporation instituted this declaratory judgment action against Seaboard Surety Company to procure judicial determination of its rights under certain bonds executed by defendant Seaboard Surety Company. This appeal is from what purports to be a final order entered by the district court upon plaintiff's motion for a summary judgment. The pleadings, affidavits filed in support of, and in opposition to said motion, and the discovery deposition of the plaintiff's treasurer, show that on December 22, 1958, plaintiff and H. L. Gentry Construction Company entered into two separate contracts for the construction by Gentry of certain pipe lines for the transmission and distribution of natural gas. Each of the contracts contained a provision requiring Gentry to "settle promptly and satisfactorily, all claims for labor performed and supplies or materials furnished by it in connection with the performance of its work hereunder, and for all damage claims of every nature which it is obligated to pay hereunder." On the same date, Gentry, as principal, and Seaboard Surety Company as surety, executed and delivered to plaintiff bonds guaranteeing performance of each of the two contracts. By the terms of each bond, the contract, performance of which was guaranteed by it, was incorporated in, and made a part of, the bond by reference. Thereafter, the work on each of the two contracts was undertaken, and finally the two projects were completed, the pipe lines placed in use, and plaintiff began pumping, and continues to pump, natural gas through the pipe lines to its customers. However, Gentry, as admitted in defendant's answer, has not settled promptly all claims for labor performed or supplies or materials furnished in connection with the performance of its work under the contracts referred to in the complaint. Actually, Gentry has failed to settle promptly and satisfactorily quite a number of claims for supplies or materials furnished, plaintiff has been harassed by suppliers and materialmen seeking pay-

ment of their claims against Gentry, and in at least one instance plaintiff has been sued on a claim alleged to be due by Gentry. As Gentry was making no move to settle the claims against it, and in fact had filed a petition under the Bankruptcy Act for arrangement with its creditors in the District Court of the United States for the Eastern District of Michigan, plaintiff instituted this action praying the court to adjudge that the defendant surety company, its principal, Gentry being in default, was bound under its bonds "to settle promptly all claims for labor performed and supplies or materials furnished and for damages resulting from construction or other causes in connection with" the Gentry contracts. Other than this declaration of defendant's obligation, no other relief was prayed for by the plaintiff.

The defendant answered and admitted that it had not settled all claims for labor performed and supplies or materials furnished, but denied that it was obligated to do so, and also asserted a number of substantial affirmative defenses. Among the express conditions of the bonds, upon which liability of the defendant is dependent, are that Gentry "should be, and declared by Owner (plaintiff) to be, in default under the contract", and "the Owner having performed Owner's obligation thereunder". Defendant asserted that the "Owner" (plaintiff) had not performed its obligations, but on the contrary had refused to pay for agreed extra work under the contract, and moreover, that plaintiff had induced Gentry to enter into the contracts by knowingly and falsely misrepresenting the length, quantity and amount of swamp conditions which would be encountered by Gentry, to the damage of Gentry of $674,-388.90. Defendant asserted that, prior to the institution of this action, Gentry had instituted in the United States District Court for the Eastern District of North Carolina an action against the plaintiff, to recover the said sum of $674,-338.90 as damages for the alleged misrepresentations knowingly and falsely made.

When defendant, in its answer, admitted that it had not settled promptly claims for labor performed or supplies or materials furnished in connection with the bonded jobs, but denied any liability under its bonds to settle such claims, defendant seems to have proceeded under the theory that its bonds were performance bonds, and when Gentry completed the pipe lines contracted for and turned them over to plaintiff, Gentry had performed his contracts notwithstanding the fact that Gentry had not paid his labor and material claims. It would seem that to pay these claims was just as much an obligation of the contracts which Gentry was obligated to perform, as the actual construction of the pipe lines. As will subsequently appear, we are of the opinion that the order here appealed from was not a final order, and that therefore this appeal must be dismissed. However, we are of the opinion that the district court was plainly right in declaring that both Gentry and the defendant surety company were "obligated to settle promptly and satisfactorily all claims for labor performed and supplies or materials furnished by H. L. Gentry Construction Company in connection with the performance of its work under each of said contracts and are liable for all damage claims of every nature which H. L. Gentry Construction Company is obligated to pay under each of said contracts." This holding of the district court seems to be in accord with Gastonia v. McEntee-Peterson Engineering Co., 131 N.C. 359, 42 S.E. 857; Orinoco Supply Co. v. Shaw Bros. Lumber Co., 160 N.C. 428, 76 S.E. 273, 42 L.R.A.,N.S., 707, and Wright Contracting Co. v. St. Paul Mercury Indemnity Co., D.C., 151 F.Supp. 179; 4 Cir., 250 F.2d 758, which declare and expound the applicable North Carolina law.

If defendant had done no more in its responsive pleadings than to deny liability on its bonds for the settlement of labor and material claims, then the district court would have been entirely justified in entering a final order declaring the defendant liable for and obligated to

pay such claims, and dismissing the action. However, defendant did not stop there: it went ahead and asserted affirmative defenses which, if true, would negative plaintiff's right to require defendant to comply with such contractual obligations of Gentry as Gentry had failed to comply with. An express condition of the bond is that the owner (plaintiff) should have performed its obligations under its contracts with Gentry. If the affirmative defenses asserted by the defendant were true, then plaintiff has not performed its obligations under the contracts. The district court recognized this situation in the order appealed from. In this order, the court reserved for determination thereafter the questions of whether Gentry was in default and whether plaintiff had performed its obligations, and recited that "this judgment is accordingly entered without prejudice to the rights of the parties hereto to introduce in any action now pending or hereafter instituted evidence as to the occurrence or nonoccurrence, performance or nonperformance, existence or nonexistence, of either or both of said express conditions within the meaning and intent of said bonds."

The assertion of the affirmative defenses by defendant raised issues of fact which must be determined before there can be a final judgment in this action. Although it was entirely proper for the district court to determine and declare as a matter of law that if the express conditions of the bonds had been complied with, the defendant surety company was obligated to settle promptly claims for labor and material, such a conclusion was not the end of the matter. There remained the factual determination of whether or not the express conditions of the bonds had been complied with. So the proper procedure to be followed in the district court upon remand would be the determination of the factual issues raised by the pleadings followed by final determination of the liability, if any, of defendant.

■ It is possible that the District Court may consider the advisability of consolidating with this action, pursuant to the provisions of Rule 42(a), F.R. Civ.P., 28 U.S.C.A., the action instituted by H. L. Gentry Construction Co. against North Carolina Natural Gas Corporation, plaintiff here, alleging misrepresentation and fraudulent concealment of facts by plaintiff here, and seeking damages therefor, which action is now pending in the court from which this appeal is prosecuted. However, such possible consolidation is within the sound discretion of the court in which both actions are pending.

Therefore, this appeal will be dismissed and this action is remanded for further proceedings not inconsistent herewith.

Appeal dismissed.