KIRBY HALL, INDIVIDUALLY AND AS AGENT FOR CALVIN FAIRCHILD, v. CITY OF MORGANTON, CYRUS BROOKS AND BEN S. WHISNANT.

(Filed 30 November, 1966.)

1. Injunctions § 8—
   The courts have the power to restrain a threatened wrongful act by a municipal corporation.

2. Injunctions § 13;  Municipal Corporations § 4—  City may not force home owner to subscribe to city's electric service by threat to discontinue water service.
   Where it appears from the allegations of the verified complaint and a supporting affidavit that the then owner of the lot in question, situate outside the corporate limits, paid the city a fee for the privilege of tapping onto the city's water main, that at all times the owner had been current in payments of his account to the city, and that the city had threatened to cut-off the water supply to the dwelling unless the owner switched from a private power company to the city as the source of his electric current, the court properly continues to the hearing the temporary restraining order issued in the cause, since the case involves not merely the right to require a city to serve a water customer outside its limits but the right of a city to force a home owner to switch from a private power company to the city's electric system by threat to cease water service to the owner's house.

ON *certiorari* to review the order of *Froneberger, J.,* entered June 22, 1966. The case was pending in BURKE Superior Court.

The plaintiff, Kirby Hall, individually, and as Agent for Calvin Fairchild, instituted this civil action against the City of Morganton, Cyrus Brooks, City Manager, and Ben S. Whisnant, Mayor. The plaintiff alleged he is the agent of Calvin Fairchild who is a resident of Burke County but is now a member of the Armed Forces of the United States stationed in Formosa. The complaint alleged that Fairchild owns a dwelling located on Case Street, outside the corporate limits of Morganton. Subsequent to the construction of the dwelling in 1964, the City, which owns the water supply system, has furnished water to the dwelling for which all bills have been paid at maturity.

Since the date of construction the dwelling house has been sup-

plied electric service by Duke Power Company. The City of Morganton owns and operates an electric power distribution system. The City, through its manager, has notified plaintiff that on June 15, 1966, the water supply will be cut off from the dwelling unless the plaintiff switches from Duke Power Company to the City system as its source of electric current.

The plaintiff further alleged that if the water supply is cut off, the dwelling will be rendered unfit for human habitation and the owner will lose his valuable rental contract. The plaintiff, on behalf of the owner, alleged the City is acting arbitrarily, capriciously, and in breach of its commitment to supply water to the dwelling; that plaintiff does not have an adequate remedy at law. He asks for a temporary and permanent restraint against the City's threatened act to cut off the water supply.

Upon the filing of the complaint, Judge Farthing issued a temporary order returnable before Judge Froneberger on June 20, 1966. The defendants filed a demurrer on these grounds: (1) The plaintiff does not have legal capacity to bring this action; (2) the complaint shows the dwelling is outside the City of Morganton; (3) the City has no obligation to furnish water to the dwelling.

The plaintiff filed the affidavit of Wheeler Dale who apparently was the owner of the lot. At least he constructed the dwelling and contracted with Duke Power Company for electric service. In connection therewith he granted an easement, now of record, over the lot on which the building was constructed, as well as over other property. After the completion he secured from the City of Morganton a water tap connection with the City's nearby water main. For this privilege he paid the City of Morganton the sum of $300.00. At the time the water line was installed and the tap connected, Duke Power Company was already furnishing power to the dwelling. Judge Froneberger continued the restraining order to the final hearing. The defendants excepted and appealed.

*Patton, Ervin & Starnes by Frank C. Patton for plaintiff appellee.*

*John H. McMurray for defendant appellants.*

HIGGINS, J. This Court has allowed the plaintiff to amend the complaint by attaching as an exhibit thereto a power of attorney executed by Calvin Fairchild ratifying the bringing of this action by Kirby Hall and authorizing him to prosecute it as attorney in fact. Under the rules, therefore, this is the only question to be reviewed here: Did the plaintiff make a sufficient showing to justify the court's order continuing the temporary restraint, preserving the status quo until the final hearing? Injunctive relief is granted

only when irreparable injury is real and immediate. *Membership Corp. v. Light Co.,* 256 N.C. 56, 122 S.E. 2d 761; *Starbuck v. Havelock,* 252 N.C. 176, 113 S.E. 2d 278.

The court issued the restraining order and continued it to the hearing upon the basis of the verified complaint and the supporting affidavit of Wheeler Dale. The defendants have filed a demurrer but have not filed an answer. According to the complaint, the defendants have threatened to cut off the water supply to the Fairchild residence unless the owner switches its source of electric current from Duke Power Company to the power facilities operated by Morganton. According to Dale's affidavit, Duke owns a power easement over the owner's land to the dwelling. While Duke was supplying power, the City contracted with the owner for the tap on the City's water main. For this privilege Dale paid the City $300.00. At all times the owner has been current in the payment of his accounts. If the City fails to supply water the dwelling will be uninhabitable.

More is involved in this case than the right to require the City to serve a customer outside the City limits. *Fulghum v. Selma,* 238 N.C. 100, 76 S.E. 2d 368. On the present showing the question is whether the City may force the home owner to switch from Duke Power to City power by a threat to sever the owner's connection with the City water system for which he paid $300.00. The court has power to restrain a municipal corporation's threatened wrongful acts. *Wishart v. Lumberton,* 254 N.C. 94, 118 S.E. 2d 35.

The complaint and affidavit filed by the plaintiff furnish sufficient factual basis for Judge Froneberger's order continuing the restraint to the hearing. The order is

Affirmed.