JAMES W. STARBUCK, ALBERT CIANCIOSE, WILLIAM E. SINGLETON, DONALD G. GARDNER AND VERNON A. CARPENTER AND ALL OTHER. CITIZENS, TAXPAYERS, QUALIFIED ELECTORS OR RESIDING OR OWNING PROPERTY IN THAT PARTICULAR AREA OR TERRITORY HEREINAFTER DESCRIBED AS THE TOWN LIMITS OF THE TOWN OF HAVELOCK WHO WILL COME IN, MAKE THEMSELVES PARTIES AND CONTRIBUTE TO THE EXPENSE OF THIS ACTION, v. THE TOWN OF HAVELOCK; GEORGE GRIFFIN, MAYOR; CLAY WYNN, COMMISSIONER; JESSE LEWIS, COMMISSIONER, AND NORWOOD SANDERS, COMMISSIONER; REUL LEE, COMMISSIONER, AND IRVING BECK, COMMISSIONER.

(Filed 16 March, 1960.)

**1. Elections § 7—**

An action challenging the corporate existence of a municipality on the ground of fatal irregularities in the election pursuant to statute at which the creation of the corporation was approved is not an action to determine a right to a public office nor one to prevent the exercise of a franchise by a *de facto* municipal corporation, and therefore it is not required that the question be presented by *quo warranto*.

**2. Municipal Corporations §§ 1, 4:    Elections § 1—**

The Legislature has full and complete power to create a municipal corporation and to determine when and how the corporation may come into existence, the powers which it may exercise, the area in which the corporation may act, the number of officials, and other incidental matters. Chapter 952, S.L. 1959, is within the power of the General Assembly in these respects.

**3. Municipal Corporations § 1:    Public Officers § 4a—**

Provision of an act that any qualified elector who had resided in the area for not less than one year should be eligible to be nominated for mayor or a member of the board of commissioners of a proposed municipality, places a statutory qualification for office in conflict with Article VI, Sections 2 and 7 of the State Constitution and is void.

**4. Municipal Corporations § 1:    Elections § 1—**

Where a statute provides for an election to determine whether an area should be incorporated as a municipality and further provides for the qualification and election of officers of the municipality, the fact that the provision for the election of the municipal officers is void and unconstitutional in prescribing qualification of office in conflict with the Constitution does not render void the provisions for the election to determine whether the area should be incorporated, the two parts of the statute being independent and separable.

**5. Statutes § 6—**

Where one part of a statute is valid and another part thereof is invalid, but the two parts are independent and separable, the valid portion of the act will stand.

**6. Municipal Corporations § 1:  Elections § 10—**

In an election pursuant to a statute to determine whether a specified area should be incorporated as a municipality, neither a minority vote at a legal election nor a majority vote at an election held in such manner as to deprive the citizens of full opportunity to vote could produce corporate existence. While such election could not produce a *de facto* corporation, it could present an opportunity for a *de facto* corporation to arise if there be colorable compliance with the statute and also an exercise of corporate power pursuant thereto.

**7. Elections § 7—**

Where a statute provides for an election to determine whether a specified area should be incorporated as a municipality, persons within the area may challenge the validity of an election under the statute without leave of the Attorney General, since a *de facto* corporation might arise from such election which would subject their property to obligations and liabilities of municipal government.

**8. Injunctions § 2—**

Injunctions may not issue if there is no allegation that plaintiff's rights were imminently threatened.

PARKER, J., concurs in result.

APPEAL by defendants from *Bundy, J.,* at Chambers in CRAVEN, on 4 December 1959.

Plaintiffs by this appeal challenge the corporate existence of the municipality and the right of the individual defendants to serve as mayor and commissioners of the Town of Havelock conditionally created by c. 952, S.L. 1959. As the basis for the asserted invalidity they allege (1) the Act is wholly void because of the qualifications prescribed for nominees for office, and (2) the election required by the Act as a condition to corporate existence was not called and held as required by the Act, thereby depriving numerous citizens of their suffrage.

Judge Bundy issued a temporary order restraining defendants from exercising any of the powers of a municipality. On plaintiffs' motion to continue this order in force, he heard the evidence, both parol and affidavits, offered by the parties. Based on this evidence he found as a fact that the election required by the Act had not been properly held, because (1) the notice of the election failed to give any information with respect to the election officials and failed to designate any polling place in the described area, and (2) the place actually provided for electors to cast their ballots was outside of the area to be incorporated. Based on his findings he concluded the election was void for want of authority to call it and for defects in the call and the manner of conducting the election. He continued the restraining

order to the final hearing. Defendants excepted to the findings and order and appealed.

*Charles L. Abernethy, Jr., for plaintiff appellees.*
*A. D. Ward and Kennedy W. Ward for defendant appellants.*

RODMAN, J. The appeal, supplemented by the demurrer *ore tenus* made here, raises two questions: (1) Must the challenge of corporate existence be by *quo warranto?* (2) Is there any allegation in the complaint entitling plaintiffs to injunctive relief?

The wrongs which may be corrected by *quo warranto* are specified by statute. G.S. 1-515 and 516, G.S. 55-122 and G.S. 55A-50. None of these statutes apply to this action. This is not an action to determine a right to a public office nor to prevent the exercise of a franchise by a *de facto* corporation. This is an action to determine whether a *de jure* municipal corporation has been created.

The Legislature has full and complete power to create a municipal corporation. It may determine when and how the corporation may come into existence, the powers which it may exercise, the area in which the corporation may act, the number of officials to perform its corporate functions, and other incidental matters. *Sanitary District v. Lenoir*, 249 N.C. 96, 105 S.E. 2d 411; *Saluda v. Polk County*, 207 N.C. 180, 176 S.E. 298; *Starmount Co. v. Hamilton Lakes*, 205 N.C. 514, 171 S.E. 909.

Sec. 1, c. 952, S.L. 1959, upon the condition of elector approval as provided in sec. 4, creates the area described in sec. 2 a municipal corporation under the name of the Town of Havelock, possessed of the powers given to municipal corporations by c. 160 of the General Statutes.

Sec. 3 of the Act declares the municipality shall be governed by a mayor and five commissioners.

Sec. 4 commands the Craven County Board of Elections to call and hold on 25 July 1959 an election within the area described as the corporate limits "to determine whether or not the area herein described shall be incorporated as a municipal corporation, and to elect the members of the governing body if said area is incorporated." This section further provides that the call for the election shall be published and shall (1) describe the territory, (2) state the question to be determined and the number of officials to be elected, (3) "name the registrars and judges of election, location of polling places, time for registration, date of election and hours of voting." The sec-

tion specifically fixes the days on which the books shall be open for registration.

Sec. 5 requires the ballots used at this election to be marked "for incorporation" and "against incorporation" and provides that the area should be a municipal corporation if a majority vote "for incorporation."

Sec. 6 of the Act requires the Board of Elections, at the time it calls the election to determine the question of incorporation to issue a call for an election for mayor and five commissioners to serve if the area is incorporated. All of these provisions are within the power of the Legislature.

As a qualification for the officials to be selected, sec. 6 provides: "Any qualified elector who has resided in the area to be incorporated for a period of not less than one year immediately preceding the date of election shall be eligible to be nominated for mayor or a member of the board of commissioners by petition of any five electors of the area, who shall be designated as his sponsor."

This statutory qualification for office is in conflict with the provisions of sec. 2 and 7, Art. VI of our Constitution. The Legislature was without power to so limit the class which could qualify for office. But the qualification necessary to serve as an official of the community is totally unrelated to the question of whether the area should or should not be incorporated. The quoted provision with respect to qualification is in our opinion independent and separable from the remainder of the Act and, when rejected, does not impair but permits the exercise of Legislative power to accomplish the prime purpose of the Act, that is, permitting the inhabitants to determine whether the area should or should not become a town. We apply to this Act the law so frequently declared with respect to partially invalid legislative acts. *Constantian v. Anson County,* 244 N.C. 221, 93 S.E. 2d 163; *Banks v. Raleigh,* 220 N.C. 35, 16 S.E. 2d 413; *Bank v. Lacy,* 188 N.C. 25, 123 S.E. 475; *Commissioners v. Boring,* 175 N.C. 105, 95 S.E. 43; *Smith v. Wilkins,* 164 N.C. 135, 80 S.E. 168. The election is not void for lack of authority to hold it for the purpose of determining whether the Town of Havelock should come into being and who should be mayor and commissioners.

A majority vote for incorporation automatically created a municipal corporation with power to tax and all of the other powers granted by c. 160 of the General Statutes if the election was called and conducted so as to afford each citizen in the area a full and free opportunity to express his wishes on the question of incorporation as required by the Act.

Neither a minority vote at an election properly called and held nor a majority vote at an election held in such manner as to deprive the citizens of full opportunity to exercise the right which the Legislature intended to make available could produce corporate existence.

The election either created or failed to create a corporation. It could not produce a *de facto* corporation, but it could present an opportunity for a *de facto* corporation to arise. *De facto* corporate existence requires not only colorable compliance with a law authorizing its creation but the exercise of corporate power. *Wood v. Staton,* 174 N.C. 245, 93 S.E. 794; 1 McQuillin Municipal Corporations, 3rd ed. p. 588.

A delay in challenging compliance with the statutory requirements might permit a *de facto* corporation to arise, thereby subjecting plaintiffs and their property to obligations and liabilities of municipal government. This gave plaintiffs a right to have the validity of the election determined without seeking authority from the Attorney General. *Jones v. Commissioners,* 107 N.C. 248; *Barbee v. Comrs. of Wake,* 210 N.C. 717, 188 S.E. 314, and cases cited.

The demurrer based on the assertion that *quo warranto* is the exclusive remedy is overruled.

Plaintiffs pray for injunctive relief, but the prayer is not based on any allegation of fact entitling them to an injunction. There is no allegation that defendants or any of them have done or threatened to do any act which will result in damage to plaintiffs. The court, in the absence of requisite allegations of threatened damage, should not have issued the restraining order nor should it have continued the order in effect when its attention was directed to the absence of the requisite factual allegations. *Adams v. College,* 247 N.C. 648, 101 S.E. 2d 809; *Rheinhardt v. Yancey,* 241 N.C. 184, 84 S.E. 2d 655; *Porter v. Armstrong,* 132 N.C. 66; 2 McIntosh, N.C. P. & P. 2nd ed. 406. This erroneous holding requires a reversal, but this result is without prejudice to plaintiffs' right to apply for and obtain permission to amend so as to incorporate such additional factual allegations as they may deem necessary for their protection.

Reversed.

PARKER, J., concurs in result.