LOCAL FINANCE COMPANY OF SHELBY v. DELBERT N. JORDAN.

(Filed 20 March 1963.)

Injunctions § 13—

 In a suit to restrain the threatened breach of a written contract, order continuing the temporary restraining order to the hearing upon the filing of bond by plaintiff will ordinarily be affirmed on appeal, even though defendant challenges the validity of the contract, since the refusal to continue the temporary order would virtually determine the case upon its merits.

BOBBITT, J., concurs in result.

APPEAL by defendant from *Pless, J.*, October 1962 Term, CLEVELAND Superior Court.

The plaintiff instituted this civil action to restrain the defendant from violating his written contract not to accept employment from a competitor within one year after leaving plaintiff's employment. The contract, dated September 12, 1961, provided:

 "13. That for a period of one year after the termination of my employment for any reason I will not engage in any way, directly

or indirectly, in any business competitive with the Employer's business, nor solicit or in any other way or manner work for or assist any competitive business, in any city or the environs or trade territory thereof in which I shall have been located or employed within one year prior to such termination."

The contract further provided:

"2. That the services to be rendered by me require special training, skill and experience, and that this contract is made to obtain such skilled services for the Employer."

The plaintiff's verified complaint alleged that defendant voluntarily left plaintiff's employment as manager of its Shelby, North Carolina, small loan office and immediately accepted employment by a competitor in the same business in Shelby. By verified answer, the defendant admitted (1) that he executed the contract, (2) that he left plaintiff's employment in Shelby and accepted similar employment by a competitor.

He defended upon two grounds: (1) He was required to execute the contract after the employment began, hence it was without consideration. (2) The contract is void for indefiniteness and is an unlawful restraint of trade.

After hearing, Judge Pless continued the restraining order, requiring the plaintiff to execute a bond in the sum of $5,000.00. The defendant appealed.

*Joyner & Howison, by Walton K. Joyner, for plaintiff, appellee.*

*Mullen, Holland & Cooke, by Frank P. Cooke, for defendant appellant.*

HIGGINS, J. The plaintiff seeks to restrain the breach of a written contract the parties executed. True, the validity of that contract is in dispute. Ordinarily, a court of equity should not resolve a serious dispute without a full hearing on the merits. "It is generally proper, when the parties are at issue concerning the legal or equitable right, to grant an interlocutory injunction to preserve the right *in statu quo* until the determination of the controversy, and especially is this the rule when the principal relief sought is in itself an injunction, because a dissolution of a pending interlocutory injunction, or the refusal of one, upon application therefor in the first instance, will virtually decide the case upon its merits and deprive the plaintiff of all remedy or relief, even though he should be afterwards able to show ever so good a case." *Coach Lines v. Brotherhood,* 254 N.C. 60, 118 S.E. 2d 37;

*Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *Cobb v. Clegg,* 137 N.C. 153, 49 S.E. 80.

Under the circumstances, Judge Pless was justified in continuing the restraining order to the final hearing. Consequently the order is
Affirmed.

BOBBITT, J. concurs in result.