IN THE MATTER OF THE APPLICATION FOR REASSIGNMENT OF SAMUEL KEVIN ALBRIGHT ET AL FROM AN ORANGE COUNTY SCHOOL TO AN ALAMANCE COUNTY SCHOOL.

No. 81

(Filed 12 May 1971)

1. **Injunctions § 12— issuance of interlocutory injunction — discretion of the court**

    To issue or to refuse an interlocutory injunction is usually a matter of discretion to be exercised by the trial court.

2. **Injunctions § 13— purpose of interlocutory injunction**

    The purpose of an interlocutory injunction is to preserve the *status quo* of the subject matter involved until a trial can be had on the merits.

3. **Injunctions § 13— interlocutory injunction — grounds for issuance**

    The court issuing an interlocutory injunction does not decide the case; but, after weighing the equities, the advantages and disadvantages to the parties, the court determines, in the exercise of its sound discretion, whether an interlocutory injunction should be granted or refused.

4. **Injunctions § 13— primary function of interlocutory injunction**

    The primary function of an interlocutory injunction is to prevent irreparable injury.

5. **Appeal and Error § 58— review of interlocutory injunction — authority of appellate court to make findings of fact**

    In passing on the validity of an interlocutory injunction the appellate court is not bound by the findings of fact made by the issuing court, but it may review the evidence and make its own findings.

6. **Appeal and Error § 58— review of interlocutory injunction — presumption arising from omission of evidence**

    Where, on an appeal from the granting of an interlocutory injunction, the record does not contain the evidence introduced before the trial court, the appellate court will presume the evidence supported the findings.

7. **Schools § 10— assignment of pupils — county board of education — validity of interlocutory injunction**

    Trial court's findings of fact fully supported its issuance of an interlocutory injunction to restrain a county board of education from enforcing a pupil assignment order pending a trial on the merits.

"BEFORE *Martin, S.J.*, August 3, 1970, Criminal Session of ORANGE Superior Court. ORANGE COUNTY BOARD OF EDUCATION Appealed. (Filed C.A. November 6, 1970)." The proceed-

In re Reassignment of Albright

ing was transferred from the Court of Appeals to the Supreme Court for initial appellate review as provided by the rule of July 31, 1970.

The Board of Education of Orange County assigned 256 children of school age (residents of Orange County) to attend designated schools in Orange County during the school year 1970-1971. The parents of these children petitioned for their reassignment to schools in Alamance County. The petitions for reassignment were denied. As provided in G.S. 115-179, the petitioners appealed to the Superior Court of Orange County.

After the appeal was docketed in the superior court, the petitioners (parents and children) after hearing, obtained a "temporary injunction" restraining the enforcement of the assignment order pending trial in the superior court.

Material parts of the restraining order are here quoted.

"THIS MATTER coming on to be heard before the undersigned Judge Presiding on August 7, 1970, upon Petitioners' motion for the issuance of a temporary injunction restraining the Orange County Board of Education from enforcing the assignment of the students involved in this proceeding to Orange County Schools; and the Court having considered all the evidence offered at this hearing, hereby finds the material facts to be as follows:

FINDINGS OF FACT:

1. Petitioners are the parents, guardians and the persons standing in *loco parentis* to the children listed on Exhibit A attached to the Motion filed in this cause, dated July 23, 1970. Petitioners are citizens and residents of Orange County, North Carolina.

2. Petitioners live in the western part of Orange County, North Carolina, near the Town of Mebane, North Carolina; and since approximately 1903 children living in the area where Petitioners now live have attended schools in Mebane and Alamance County, North Carolina. That prior to the school year beginning 1970-71, the Orange County Board of Education had not assigned children living in the area where Petitioners live to schools in Orange County.

3. That for the school year 1970-71, the Orange County Board of Education has assigned the children listed on Exhibit A attached to the Motion filed herein to schools in Orange County, North Carolina. That Junior High Students have been assigned to schools in Hillsborough, North Carolina; and elementary grade children to schools in Efland, North Carolina. That Exhibit A contains the names of all the children involved in this proceeding and the schools to which they have been assigned by the Orange County Board of Education.

4. From the assignment of the children listed on Exhibit A attached to the Motion filed herein, Petitioners in apt time petitioned the Orange County Board of Education for reassignment of the children to schools in Alamance County, North Carolina. The requests for reassignment of the children were denied by the Orange County Board of Education and from this decision, Petitioners requested a hearing as provided by G.S. 115-178. That a hearing on the requests for reassignment was held on July 8, 1970; and following the hearing, Petitioners were notified by letter dated July 15, 1970, that the petitions for reassignment were again denied.

5. From the denial of the petitions for reassignment, each of the petitioners in apt time gave separate notice of appeal to the Superior Court of Orange County; and subsequent to the giving of said notice of appeal, filed the Motion for a Restraining Order, which is now before the court for hearing.

6. The parties have stipulated that the Motion of Petitioners for a temporary restraining order might be heard before this Court on August 7, 1970.

7. That the children involved in this proceeding will be attending schools in grades one through nine during the year 1970-1971. That the children in general live significantly closer to the schools in Alamance County that they have been attending than the schools to which they would be assigned in Orange County.

8. That many of the children involved in this proceeding have attended schools in Alamance County during their entire school career.

In re Reassignment of Albright

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

13. That the schools in Alamance County to which the children involved in this proceeding would attend are fully accredited and have ample space available for the children. That the Alamance County schools would not be fully utilized if the children involved attended school in Orange County.

14. That the Junior High School in Orange County to which ninety-four (94) of the children involved in this proceeding have been assigned was already overcrowded to some extent during the 1969-70 school year. That because of this overcrowding seventh grade children were unable to use the gym facilities at the school during the 1969-70 school year. That if the additional ninety-four (94) children involved in this proceeding are assigned to the Junior High School in Hillsborough, it will result in further overcrowding and will necessitate bringing in temporary mobile classroom facilities.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

17. That the Alamance County Board of Education has agreed to accept the children involved in this proceeding for the 1970-71 school year.

18. That the assignment of the children involved in this proceeding to schools in Alamance County will not interfere with the proper administration of the Alamance County Schools or with the proper instruction of the pupils there enrolled and will not endanger the health or safety of the children there enrolled.

19. That it would be in the best interest of the children involved in this proceeding to continue to attend schools in Alamance County, pending the final determination of this cause.

Upon the foregoing Findings of Fact, the Court hereby makes the following CONCLUSIONS OF LAW:

1. That under the law of North Carolina, Petitioners are entitled to a hearing *de novo* in the Superior Court on their requests for reassignment. That the test to be applied in determining whether the reassignment will be granted is whether the reassignment is in the best interest of the child and if so, the reassignment should be granted

unless such reassignment would interfere with the proper administration of the school to which reassignment is requested.

2. There is probable cause for believing that Petitioners will be able to sustain their position at the trial on the merits in these actions.

3. That unless this Court enjoins the enforcement of the assignments by the Orange County Board of Education, pending final determination of this cause, there is reasonable apprehension that irreparable harm and damage will result to the children involved in this proceeding, in that these matters will not be tried before school commences, thereby denying the relief which Petitioners might be given by jury verdict when these matters are tried on their merits.

4. That Petitioners have no plain, adequate or speedy remedy at law.

5. That the reassignment of the children involved in these proceedings to Alamance County schools pending the final determination of these causes is in the best interest of the children involved in this proceeding.

Upon the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED and DECREED that pending the final determination of the Petitioners' appeals to the Superior Court;

1. That the Orange County Board of Education be and it is hereby restrained from enforcing the assignment of the children involved in these proceedings to schools in Orange County.

2. That the children involved in these proceedings be allowed to attend schools in Alamance County.

This the 18th day of August, 1970.

/s/ ROBERT M. MARTIN
Judge Presiding"

The respondent Board of Education of Orange County excepted to the court's conclusions of law and appealed. The parties stipulated: ". . . (T)he record on appeal shall consist of

the Motion, Stipulations, the Order of the Court dated 18th day of August, 1970, the Exceptions and Appeal Entries of the Orange County Board of Education, together with the Stipulations of the parties and the Statement of Case on Appeal, as agreed or settled."

*Graham and Cheshire, by Lucius M. Cheshire, for defendant appellant.*

*Bryant, Lipton, Bryant & Battle, by F. Gordon Battle, for petitioner appellees.*

HIGGINS, Justice.

[1-4]    To issue or to refuse an interlocutory injunction is usually a matter of discretion to be exercised by the trial court. Its purpose is to preserve the *status quo* of the subject matter involved until a trial can be had on the merits. *Huskins v. Hospital*, 238 N.C. 357, 78 S.E. 2d 116. The issuing court does not decide the case, but after weighing the equities, the advantages and disadvantages to the parties, determines, in the exercise of its sound discretion, whether an interlocutory injunction should be granted or refused. Its primary function is to prevent irreparable injury. *Finance Company v. Jordan*, 259 N.C. 127, 129 S.E. 2d 882.

[5, 6]    In passing on the validity of an interlocutory injunction the appellate court is not bound by the findings of fact made by the issuing court, but may review the evidence and make its own findings. However, where, as in this case, the record does not contain the evidence introduced before the trial court, the appellate court will presume the evidence supported the findings. For the purpose of the appeal, the findings are deemed conclusive.

[7]    The trial court's findings, in much detail, appear in the statement of facts. When tested by the applicable rules, they are sufficient to support Judge Martin's order. However, neither the findings of fact nor the conclusions of law of the trial court are binding upon, or are to be considered, by the superior court on the final hearing. *Huskins v. Hospital, supra; Board of Elders v. Jones*, 273 N.C. 174, 159 S.E. 2d 545.

Our consideration is confined to the legal validity of Judge Martin's order. Discussion of other issues, which may or may

not be raised at the final hearing, is neither required nor pertinent at this stage.

For the reasons stated we conclude that the restraining order was properly continued to the hearing.

Affirmed.