UNITED TELEPHONE COMPANY OF THE CAROLINAS, INC. v. UNIVERSAL PLASTICS, INC.

No. 20

(Filed 6 May 1975)

1. Injunctions § 12— preliminary injunction — irreparable injury real and immediate — preserving of status quo

    A prohibitory preliminary injunction is granted only when irreparable injury is real and immediate, and its purpose is to preserve the status quo of the subject matter involved until a trial can be had on the merits.

2. Injunctions § 12— preliminary injunction — no showing of damage to plaintiff

    The trial court erred in granting plaintiff telephone company a preliminary injunction prohibiting defendant from soliciting and selling advertising space on plastic telephone directory covers to be distributed to plaintiff's subscribers where the evidence disclosed no damage to plaintiff in the sale of advertisements in the yellow pages.

3. Injunctions § 12— preliminary injunction — irreparable injury

    An applicant for a preliminary injunction must do more than merely allege that irreparable injury will occur; the applicant is required to set out with particularity facts supporting such statements so the court can decide for itself if irreparable injury will occur.

ON *certiorari* pursuant to G.S. 7A-31(a) for initial appellate review by the Supreme Court of the judgment of *McConnell,*

*J.*, at the 19 August 1974 Session of MOORE Superior Court, which granted plaintiff a preliminary injunction pending final determination of the cause.

Plaintiff alleged, in summary, that: It is a telephone utility corporation with the exclusive franchise for furnishing telephone service to subscribers in the towns and communities of Angier, Bonlee, Carthage, Robbins, Vass, Pinehurst, Southern Pines, Siler City, Pittsboro, Goldston, Fuquay-Varina, Kernersville and Gibsonville. In the course of its business plaintiff furnishes its subscribers with telephone directories that are placed in the homes or places of business of its subscribers. These directories remain the property of the plaintiff. Among the provisions of plaintiff's tariff on file with the North Carolina Utilities Commission is a provision which reads as follows:

> "Telephone directories distributed from time to time by the Company remain the property of the Company, shall not be mutilated and shall be surrendered upon request. No binder, holder, insert or auxiliary cover or attachment of any kind not furnished by the Company shall be attached to the directories owned by the Company, except that this prohibition shall not apply to a subscriber-provided binder, holder, insert, or auxiliary cover which is not so attached as to impede reference to essential service information or otherwise interfere with service.

Defendant, through its agents, is now engaged in the business of soliciting and selling advertising space on plastic telephone directory covers with the purpose of distributing these covers to plaintiff's subscribers, who will attach them to the directories in such a way as to completely envelop the front and back covers of the directories issued by plaintiff and obscure essential information printed on the inside of the front and back covers. The advertisements on the plastic covers will diminish the advertising value of the "yellow pages" in plaintiff's directories, make it difficult, if not impossible, to sell advertisement in the "yellow pages" and thereby reduce the income received by plaintiff for such advertisement. Defendant's distribution of the plastic covers constitutes unlawful interference with the contractual relationship of plaintiff with its subscribers and also constitutes a trespass on the property of the plaintiff. It is impracticable to require the plaintiff to prosecute a multiplicity of suits at law against the subscribers or defendant, so a temporary restraining order should be granted against the defendant.

Defendant answered and counterclaimed, in summary, as follows: The degree of competition between defendant's advertising program and plaintiff's advertising program is limited because, among other reasons, only approximately ten to sixteen local businesses in a particular community can participate in defendant's program while there is no limit upon the number of pages of advertising space that can be sold by plaintiff. An injunction against defendant would do substantial and irreparable harm to defendant. Plaintiff has a monopoly to provide telephone service but this monopoly does not extend to classified advertising. The plastic covers are distributed free to telephone subscribers for such use as they see fit, are "subscriber-furnished," do not impede any essential telephone service, and are not prohibited by the tariff. The tariff restrains interstate commerce and violates North Carolina and federal antitrust and fair-trade laws, and is an unwarranted interference with the subscriber's rights reasonably to use his telephone and telephone directory service. Plaintiff's concerted acts in attacking the lawful business of the defendant were done willfully, maliciously, and with reckless disregard of the rights of the defendant and entitle defendant to punitive damages.

This proceeding was instituted by the filing of the complaint on 4 April 1974, together with the issuance of a temporary restraining order, *ex parte* by Godwin, J., signed on 14 April 1974. On 17 July 1974, McConnell, J., conducted a hearing on plaintiff's request for a preliminary injunction. On 29 August 1974, McConnell, J., after considering the pleadings, affidavits, testimony, and arguments of counsel, issued a preliminary injunction, the effect of which was to restrain the defendant-appellant from the conduct of its business until this cause is finally determined. We allowed *certiorari* prior to determination by the Court of Appeals.

Other facts pertinent to decision are set out in the opinion.

*William D. Sabiston, Jr., and Hurley E. Thompson, Jr., by William D. Sabiston, Jr., for plaintiff appellee.*

*Smith, Moore, Smith, Schell and Hunter by Bynum M. Hunter and Benjamin F. Davis, Jr., for defendant appellant.*

MOORE, Justice.

Defendant appeals from the order granting the preliminary injunction pending trial on the merits. We do not decide here

the ultimate issues raised by the pleadings. The only question for review is whether plaintiff made a sufficient showing to justify the court's order granting a preliminary injunction.

[1]   A prohibitory preliminary injunction is granted only when irreparable injury is real and immediate. Its purpose is to preserve the status quo of the subject matter involved until a trial can be had on the merits. 4 Strong, N. C. Index 2d, Injunctions § 1, p. 388 (1968); *In re Reassignment of Albright*, 278 N.C. 664, 180 S.E. 2d 798 (1971); *Hall v. Morganton*, 268 N.C. 599, 151 S.E. 2d 201 (1966); *Starbuck v. Havelock*, 252 N.C. 176, 113 S.E. 2d 278 (1960). The issuing court, after weighing the equities and the advantages and disadvantages to the parties, determines in its sound discretion whether an interlocutory injunction should be granted or refused. The court cannot go further and determine the final rights of the parties which must be reserved for the final trial of the action. 2 McIntosh, North Carolina Practice and Procedure 2d, § 2219 (1956); *In re Reassignment of Albright, supra; Grantham v. Nunn*, 188 N.C. 239, 124 S.E. 309 (1924). "In passing on the validity of an interlocutory injunction the appellate court is not bound by the findings of fact made by the issuing court, but may review the evidence and make its own findings. . . ." *In re Reassignment of Albright, supra. Accord, Conference v. Creech* and *Teasley v. Creech* and *Miles*, 256 N.C. 128, 123 S.E. 2d 619 (1962); *Lance v. Cogdill*, 238 N.C. 500, 78 S.E. 2d 319 (1953). As stated by Justice Lake, writing for the Court in *Board of Elders v. Jones*, 273 N.C. 174, 159 S.E. 2d 545 (1968):

> "The burden is upon the applicant for an interlocutory injunction to prove a probability of substantial injury to the applicant from the continuance of the activity of which it complains to the final determination of the action. [Citations omitted.] . . . An injunction *pendente lite* should not be granted where there is a serious question as to the right of the defendant to engage in the activity and to forbid the defendant to do so, pending the final determination of the matter, would cause the defendant greater damage than the plaintiff would sustain from the continuance of the activity while the litigation is pending. *Huskins v. Hospital* [238 N.C. 357, 78 S.E. 2d 116 (1953)]."

[2]   The record in the present case fails to disclose evidence of any actual damage to plaintiff. Plaintiff's only witness James R. Thomas, its Division Commercial Manager and Assistant

Secretary, testified at the hearing that he had no detailed information that the distribution of defendant's cover had in any way affected the plaintiff's income received from advertisement in the yellow pages. Plaintiff offered no evidence that it has lost a single subscriber to its yellow pages by reason of defendant's activities or that a single advertiser on defendant's cover had failed to advertise in plaintiff's yellow pages. The record discloses that plaintiff's directory had 111 yellow pages for advertising and only 99 white pages for the directory proper and that defendant's cover had only eight advertisers, many if not all of whom also advertised in plaintiff's yellow pages. Thus, plaintiff's evidence fails to support the broad allegations of irreparable injury contained in its complaint. Similarly, while alleging irreparable injury, plaintiff's verified complaint fails to allege facts in support of its allegations.

[3] An applicant for a preliminary injunction must do more than merely allege that irreparable injury will occur. The applicant is required to set out with particularity facts supporting such statements so the court can decide for itself if irreparable injury will occur. " . . . 'It is not enough for the plaintiff to allege simply that the commission or continuance of the act will cause him injury, or serious injury, or irreparable injury; but he should allege the facts, from which the court may determine whether or not such injury will result.' [Citations omitted.]" *Pharr v. Garibaldi,* 252 N.C. 803, 815, 115 S.E. 2d 18, 27 (1960).

Defendant, by affidavit and by its verified answer, has set out in detail its damage. The preliminary injunction issued in this action has prevented defendant's agent from soliciting orders in this area, has discredited the good name of the defendant's business, has discouraged potential customers, and, in fact, has completely stopped defendant's business in the area served by plaintiff.

Since plaintiff has failed to show a reasonable probability of substantial injury through the continuance of defendant's business until the final hearing, we hold that it was error to grant the preliminary injunction and it is hereby vacated.

Upon this appeal it is not necessary for us to determine whether defendant has the right under the quoted tariff to solicit advertising and to manufacture and distribute the plastic covers with advertising thereon to plaintiff's subscribers, and we express no opinion upon that question. This and all other issues

raised by the pleadings will be determined at the final hearing of the cause.

Our ruling dissolving the preliminary injunction will have no bearing whatever on the rights of the parties when the action is tried on its merits. *Huskins v. Hospital, supra.*

. For the reasons stated, the order of the trial court granting the preliminary injunction is reversed and the case is remanded to the Superior Court of Moore County for trial on its merits.

Reversed.