Utilities Comm. v. Merchandising Corp.

STATE OF NORTH CAROLINA EX REL UTILITIES COMMISSION, NORTH STATE TELEPHONE COMPANY, DEFENDANT, BAR-NARDSVILLE TELEPHONE COMPANY, CAROLINA TELE-PHONE & TELEGRAPH COMPANY, CENTRAL TELEPHONE COMPANY, CHAPEL HILL TELEPHONE COMPANY, CITIZENS TELEPHONE COMPANY, CONCORD TELEPHONE COMPANY, EASTERN ROWAN TELEPHONE COMPANY, ELLERBE TELE-PHONE COMPANY, GENERAL TELEPHONE COMPANY OF THE SOUTHEAST, HEINS TELEPHONE COMPANY, LEXING-TON TELEPHONE COMPANY, MEBANE HOME TELEPHONE COMPANY, MID-CAROLINA TELEPHONE COMPANY, MOORES-VILLE TELEPHONE COMPANY, NORFOLK & CAROLINA TELEPHONE COMPANY, NORTH CAROLINA TELEPHONE COMPANY, RANDOLPH TELEPHONE COMPANY, SALUDA MOUNTAIN TELEPHONE COMPANY, SANDHILL TELEPHONE COMPANY, SERVICE TELEPHONE COMPANY, SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY, THERMAL BELT TELEPHONE COMPANY, UNITED TELEPHONE COM-PANY OF THE CAROLINAS, INC., WESTCO TELEPHONE COMPANY, AND WESTERN CAROLINA TELEPHONE COMPANY, RESPONDENTS V. NATIONAL MERCHANDISING CORPORATION, COMPLAINANT

No. 7510UC265

(Filed 16 July 1975)

Telephone and Telegraph Companies § 1; Utilities Commission § 6— order prohibiting attachment of auxiliary covers to telephone directories

Utilities Commission order which prohibits the attachment to tele-phone directories of any binder, holder, insert, or auxiliary cover not furnished by the telephone utility except a subscriber-provided binder, holder, insert or auxiliary cover which is attached so that it does not obstruct vital and essential information such as the identity of ex-changes covered by the directory, the effective date of the directory and laws and regulations pertaining to telephonic communications *is held* valid.

Judge BRITT dissents.

APPEAL by National Merchandising Corporation from an order filed by the North Carolina Utilities Commission on 7 November 1974. Heard in the Court of Appeals 29 May 1975.

*Commission Attorney Edward B. Hipp, Assistant Commis-sion Attorney Maurice W. Horne and Associate Commission Attorney John R. Molm, for the North Carolina Utilities Com-mission.*

*Jerry W. Amos, for North State Telephone Company, The Concord Telephone Company and Lexington Telephone Company.*

*Taylor, Brinson & Aycock, by William W. Aycock, Jr., for Carolina Telephone and Telegraph Company.*

*A. Terry Wood, for Central Telephone Company.*

*Associate General Counsel William C. Fleming, for General Telephone Company of the Southeast.*

*Kimzey, Mackie & Smith, by James M. Kimzey, for United Telephone Company of the Carolinas, Inc.*

*Bynum M. Hunter and Benjamin F. Davis, Jr., for National Merchandising Corporation.*

VAUGHN, Judge.

The question presented is the propriety of the following uniform tariff provision required by the Commission in the order from which only National Merchandising Corporation appealed.

"GENERAL INVESTIGATION INVOLVING ALL TELEPHONE UTILITIES OPERATING WITHIN THE STATE OF NORTH CAROLINA

DOCKET NO. P-42, SUB 80

PROVISIONS AND OWNERSHIP OF DIRECTORIES

A. Telephone directories shall be issued by each telephone utility operating in North Carolina approximately every twelve months. The directory shall remain the property of the untility until the succeeding issue becomes effective. Current directories shall not be mutilated or destroyed and shall be surrendered upon request of the utility.

B. Directories which are the property of the telephone utility are furnished to subscribers as part of the telephone service. No binder, holder, insert, or auxiliary cover or attachment of any kind not furnished by the telephone utility shall be attached to the telephone directories owned by the utility, except that this prohibition shall not apply to a subscriber-provided binder, holder, insert, or auxiliary cover which is attached so that it does not obstruct vital and essential information such as the identity of the exchanges covered by the directory, the effective date of the directory, emergency numbers and federal and state laws and Rules and Regulations of the Commission pertaining to

telecommunication services, and any person, firm or corporation violating this rule, or permits it to be violated is made subject to having telephone service suspended.

C. All non-telephone utility advertising shall be confined to the yellow pages only."

The Commission and the telephone companies have filed briefs in support of the order.

Appellant is engaged in promotional advertising which involves the manufacture and distribution of plastic covers which may be used to cover telephone directories. Appellant here raises substantially the same questions that were raised in *Telephone Co. v. Plastics, Inc.*, 287 N.C. 232, 214 S.E. 2d 49. In that case the Supreme Court allowed *certiorari* prior to consideration by this court. Counsel for the appellant here represented the defendant in that case, another promotional advertiser. In material respects, the briefs are identical. In *Telephone Co. v. Plastics, Inc., supra,* the appeal was from a preliminary injunction. The court held that plaintiff had failed to show a reasonable probability of substantial injury pending trial and dissolved the injunction. The court, consequently, did not reach the merits of the questions raised.

A majority of the panel of judges hearing this case on appeal is of the opinion that the order of the Commission should be affirmed. The dissent insures appellant the right of review by the Supreme Court. In view of the foregoing we elect to omit a detailed discussion of the evidence and arguments advanced by counsel. .

The order is affirmed.

Judge PARKER concurs.

Judge BRITT dissents.