Stanback v. Stanback

———————

VANITA B. STANBACK v. FRED J. STANBACK, JR.

No. 7619SC254

(Filed 4 August 1976)

Injunctions § 13— preliminary mandatory injunction — separation agreement — claim for tax refund

  Where a separation agreement required plaintiff wife to make a "valid effort" to claim on her 1968 federal and state tax returns deductions for counsel fees set by the court to be paid to her counsel and required defendant husband to pay the difference in plaintiff's federal and state income taxes by virtue of her inability to make such deduction, the Internal Revenue Service and the N. C. Department of Revenue disallowed plaintiff's deductions for counsel fees, in a suit brought by defendant the Internal Revenue Service agreed to refund the sum paid by plaintiff for deficiency tax and interest assessed in disallowance of her deduction for counsel fees if plaintiff filed a claim for refund by 12 February 1976, and plaintiff brought an action against defendant for breach of the agreement to pay the difference in taxes, the trial court in plaintiff's action properly allowed defendant's motion for a preliminary mandatory injunction requiring plaintiff to file before 12 February 1976 a claim for refund based on the deduction of counsel fees, notwithstanding plaintiff contends such a claim would prejudice another claim she has filed for a refund based on deductions for child support and an automobile.

APPEAL by plaintiff from *Lupton, Judge.* Order entered 30 January 1976, Superior Court, ROWAN County. Heard in the Court of Appeals 16 June 1976.

This action was brought for recovery of damages caused by the defendant's alleged breach of separation agreement which plaintiff and defendant had executed in 1968 in settlement of litigation which had been pending since 1965. The agreement provided that any attorneys' fees set by the court to be paid to counsel for the plaintiff would be the obligation of the plaintiff. At the same time the parties entered a supplementary agreement in the form of a letter from counsel for defendant to counsel for plaintiff, which provided:

"We agree that if Vanita Stanback is unable to deduct the fees she is required to pay you during 1968 that Fred Stanback will pay to her through you the difference in the federal and state income tax that she is required to pay by virtue of being unable to make this deduction for attorneys' fees.

It is understood that a valid effort will be made by Mrs. Stanback to claim such deductions and that the tax returns for 1968, both federal and state, will be prepared under the supervision of one of you."

The Superior Court ordered defendant to pay to plaintiff her counsel fees in the sum of $31,000.00.

Pursuant to the agreement, plaintiff filed returns claiming a deduction for $31,000.00 in attorneys' fees, but $28,500.00 was disallowed by both the Internal Revenue Service and North Carolina Department of Revenue. Plaintiff, after tax lien was filed and her property seized, paid $13,371.10 in additional federal income tax plus interest. Plaintiff alleged that defendant refused to pay the additional taxes assessed for the year of 1968 and prayed for consequential damages in the sum of $250,000.00.

In August 1973 defendant filed action in the U. S. District Court against the United States of America and the plaintiff (1) to recover the sum of $29,362.93 plus interest which defendant alleged was illegally assessed by Internal Revenue Service in disallowing alimony payments to plaintiff in the sum of $45,500.00, and (2) to restrain the United States of America from the seizure and sale of plaintiff's home under the

tax lien ($13,371.10) against her in the disallowance of her claim for counsel fees paid in the year of 1968. Defendant alleged that Internal Revenue Service had taken inconsistent positions in disallowing his deduction of $45,500.00 alimony paid by him to plaintiff for the year of 1968, and at the same time disallowing her deduction of $31,000.00 which she paid from her alimony for counsel fees.

On 16 January 1976, defendant filed a motion for a preliminary mandatory injunction requiring plaintiff to file a claim for refund with Internal Revenue Service for federal taxes in the sum of $18,099.51, which she paid as a result of the 1968 deficiency assessed in disallowance of her claimed deduction for counsel fees. In support of this motion defendant attached a letter from the Chief Counsel of Internal Revenue Service, dated 4 November 1975 and addressed to counsel for defendant, in which it was admitted that Internal Revenue Service had taken inconsistent positions, that defendant had agreed that the $31,000.00 paid by him in 1968 to plaintiff was not alimony, and that the Attorney General of the United States had agreed to a settlement of defendant's action on this basis and would refund the sum paid by plaintiff for deficiency tax and interest if she filed a claim for refund by 12 February 1976. Defendant also supported the motion with affidavit of George L. Little, Jr., attorney for defendant, setting out that plaintiff was the only person who had standing to file the claim and unless filed by 12 February 1976, the claim would be barred.

At the hearing on this matter plaintiff testified that she had filed a claim in 1973 for the refund in question and an additional refund of taxes paid on $14,500.00 in 1968 which she received for child support and an automobile but was treated as income by Internal Revenue Service; that defendant contested her claim, and that if she filed a claim for refund as demanded by defendant, her claim for refund for taxes paid on the $14,500.00 would be prejudiced.

Defendant testified that in the settlement of his action against the United States, it was agreed that the $31,000.00 paid to plaintiff would not be treated as income to her but the settlement did not include any agreement relating to any claim for deduction of the 1968 payment of $14,500.00.

The trial court entered a preliminary mandatory injunction ordering plaintiff to apply for the refund in the sum of

$18,099.51 by 12 February 1976 and required defendant to post bond in the sum of $30,000.00 for the security of plaintiff. Plaintiff appealed.

*Walser, Brinkley, Walser & McGirt by Walter F. Brinkley for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by Norwood Robinson and George L. Little, Jr.; Kluttz & Hamlin by Clarence Kluttz for defendant appellee.*

CLARK, Judge.

In the separation agreement of 1968 the plaintiff agreed to make a "valid effort" to claim as a deduction the $31,000.00 which was paid to her by defendant for her counsel fees in the calendar year of 1968. Plaintiff did claim this deduction in both her federal and state income tax returns.

In his letter of 4 November 1975 the Chief Counsel of Internal Revenue Service, proposing settlement of the action by this defendant against the United States based on the claimed deduction for counsel fees, wrote: "To avoid a whipsaw and protect the revenue, the District Director took inconsistent positions in disallowing the claimed alimony deductions to Fred Stanback and in taxing to Vanita Stanback all of Fred's payments to her."

The Chief Counsel added, "[Y]ou propose to settle the alimony issue out of court by conceding that the amount of $31,000.00 attributable to attorney's fees, is not alimony . . . . [T]he pending offer had been accepted on behalf of the Attornel General. Upon being advised of such settlement, the District Office would solicit a refund claim from Vanita and, when filed, would proceed to adjust the return and have the overpayment processed and refund check issued. The period within which the claim may be filed expires February 12, 1976."

It, thus, appears clear that if the plaintiff would file a refund claim based on the deduction of $31,000.00 for counsel fees in the year of 1968, the claim would be honored and a refund check issued. The plaintiff, in her settlement agreement of 1968 with defendant, contracted to make a "valid" effort to claim this deduction. In the sense used in the settlement agreement, we construe a "valid" effort to mean a "reasonable"

effort, and that plaintiff agreed to pursue those remedies that a reasonable person would pursue in seeking a refund for an overpayment of taxes.

The plaintiff filed a claim based on the $31,000.00 counsel fee deduction, and also deductions of $10,000.00 for child support and $4,500.00 for an automobile in 1973. In his settlement letter of 4 November 1975, the Chief Counsel of Internal Revenue Service, referring to plaintiff's 1973 claim, wrote: "But the claim for refund of the original tax, obviously, had been filed out of time." The plaintiff disputes this statement of Chief Counsel, testifying that the District Director had advised her that the claim was filed in apt time. The plaintiff further contends that to now file a claim based only on the counsel fee deduction would prejudice her claim for refund based on additional deductions of $14,500.00 for child support and automobile.

We decline to rule on the validity of plaintiff's 1973 claim, either on whether the claim was filed in apt time or whether she would be prejudiced in her 1973 claim by now filing a claim as proposed in the settlement letter of Chief Counsel. In view of admitted inconsistent rulings on the claims of plaintiff and defendant and the purported disagreement within the Internal Revenue Service as to whether plaintiff's 1973 filing was made in apt time, we studiously avoid forecasting any final determination by the Internal Revenue Service. However, we must consider the evidence offered by both plaintiff and defendant in weighing the equities and determining whether the trial court properly granted the mandatory injunction.

The defendant seeks a preliminary mandatory injunction requiring plaintiff to file a claim before 12 February 1976 for a refund of $18,099.51 based on a deduction of $31,000.00 for counsel fees. A mandatory injunction requires the party enjoined to do a positive act. As a rule a mandatory injunction will not be made as a preliminary injunction, except where the injury is immediate, irreparable and clearly established. *Ingle v. Stubbins,* 240 N.C. 382, 82 S.E. 2d 388 (1954). "The issuing court, after weighing the equities and the advantages and disadvantages to the parties, determines in its sound discretion whether an interlocutory injunction should be granted or refused. The court cannot go further and determine the final rights of the parties which must be reserved for the final trial

Stanback v. Stanback

of the action. [Citations omitted.] 'In passing on the validity of an interlocutory injunction the appellate court is not bound by the findings of fact made by the issuing court, but may review the evidence and make its own findings. . . . ' " *Telephone Co. v. Plastics, Inc.*, 287 N.C. 232, 235, 214 S.E. 2d 49, 51 (1975). The burden is upon the appellant to show error by the issuing court. *Huggins v. Board of Education*, 272 N.C. 33, 157 S.E. 2d 703 (1967).

In our opinion the contractual duty of the plaintiff to make a reasonable effort to pursue her claim for a refund requires that she, the only person with standing to do so, file a claim for a 1968 tax refund pursuant to the settlement proposal contained in the 4 November 1976 letter of the Chief Counsel of the Internal Revenue Service. Plaintiff does not question the authenticity of the letter which makes this proposal. In weighing the equities and the advantages and disadvantages to plaintiff and defendant, we find that the tax refund in the sum of about $18,099.51 may be irretrievably lost, to the disadvantage of defendant who was required by the 1968 separation agreement to reimburse plaintiff for the loss if she was unable to deduct the counsel fees. If the plaintiff is prejudiced in her claim for refund based on deduction of $14,500.00 in 1968 paid to her for child support and automobile, she is protected against loss by the $30,000.00 bond which the trial court required of defendant. Further, plaintiff's action against defendant for damages for failure to reimburse her is still pending, and this decision does not determine any other right of the parties. In "balancing conveniences" we find that the preliminary mandatory injunction will restrain threatened irreparable injury to defendant's rights, and that the plaintiff has not carried the burden of showing error by the trial court. The order of the trial court in the issuance of the preliminary mandatory injunction is

Affirmed.

Judges MORRIS and VAUGHN concur.