GOODMAN TOYOTA, INC. v. CITY OF RALEIGH

No. 7910SC921

(Filed 15 July 1980)

Injunctions § 5— sign control ordinance — erroneous preliminary injunction

The trial court erred in entering a temporary restraining order enjoining defendant city from enforcing its sign control ordinance by prohibiting plaintiff's use of a blimp and searchlight where plaintiff alleged only that the

enforcement of the ordinance against it will "irreparably injure the property rights of this plaintiff" and "will cost it thousands of dollars in loss of property and profits," and the record contains no facts to show the extent to which plaintiff's business or goodwill may be damaged by enforcement of the ordinance against plaintiff or that plaintiff will suffer irreparable harm by such enforcement.

APPEAL by defendant from *Bailey, Judge.* Judgment and order entered 14 May 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 26 March 1980.

Plaintiff brought this action to restrain the City of Raleigh from enforcing a recently enacted sign control ordinance, Ordinance No. (1979) 982 TC 96, as it "relates or might relate to the operation by the plaintiff of a helium filled blimp and a searchlight." The ordinance was meant to regulate all types of signs within the city, and specifically prohibited windblown devices, flashing signs, and temporary portable signs. In its complaint, plaintiff alleged that the blimp and searchlight "have come to form a distinctive logo or trade symbol in the minds of the public and portray to the public the idea of a special sale and special prices at Goodman Toyota, Inc., when the sales promotions are carried out . . . ." Plaintiff alleged that enforcement of the ordinance against it, and requiring it to remove and abandon the blimp and searchlight will "irreparably injure the property rights of this plaintiff" and "will cost it thousands of dollars in loss of property and profits."

A temporary restraining order was granted enjoining defendant from enforcement of its ordinance, and a hearing was scheduled for the purpose of determining whether the restraining order should be continued until the final determination of plaintiff's action. On hearing, plaintiff presented its verified complaint, memoranda of legal authority and an exhibit. Defendant offered oral evidence which tended to show plaintiff's blimp and searchlight are subject to the ordinance and that if plaintiff is allowed "to maintain its windblown device and searchlight," enforcement of the sign ordinance will be significantly impaired. Defendant also submitted exhibits explaining the background of the sign control ordinance, and a memorandum of law relating to the ordinance and its application. On 14 May 1979, the trial court issued a preliminary injunction after mak-

---

---

ing certain findings, including the following to which defendant excepts:

> 5. That at the hearing, a showing was made which raised serious questions, under (a) the Raleigh ordinances, (b) state and federal law, and (c) the federal and state constitutions as to the legality of the ordinance as applied to plaintiff's operations.

EXCEPTION NO. 1

> 6. That enforcement of the act, pending final hearing, would inflict irreparable damage upon the plaintiff.

EXCEPTION NO. 2

> 7. That the Court further finds as a fact that the plaintiff does not have any other adequate remedy at law at the present stage of this matter.

EXCEPTION NO. 3

> IT IS THEREFORE ORDERED AND DECREED that the defendant be, and it is hereby restrained and enjoined until a final hearing of the cause on its merits from interfering with the operation of the plaintiff's blimp and searchlight.

EXCEPTION NO. 4

Defendant filed motions pursuant to North Carolina Rules of Civil Procedure 52 and 59 requesting the court to amend its findings, or, alternatively, to grant a new hearing on the matter, which were denied. Defendant appeals, assigning error to the trial court's granting the preliminary injunction prohibiting enforcement of defendant's sign control ordinance.

*Blanchard, Tucker, Twiggs & Denson, by Charles F. Blanchard and Charles H. Mercer, Jr., for plaintiff appellee.*

*City Attorney Thomas A. McCormick, Jr., by Associate City Attorney Ira J. Botvinick, for defendant appellant.*

MORRIS, Chief Judge.

Defendant argues that the preliminary injunction is improper in that enforcement of the ordinance will not irreparably injure plaintiff; that plaintiff, in its application for a preliminary injunction, failed to set out with particularity facts showing irreparable injury; and that any injunction restraining the enforcement of the ordinance is contrary to prior decisions involving injunctions and sign regulations. We agree with defendant that plaintiff has failed to set forth with particularity facts to support its claim of irreparable injury, and accordingly reverse the trial court's granting a preliminary injunction prohibiting the enforcement of defendant's sign control ordinance.

In *United Telephone Co. of the Carolinas, Inc. v. Universal Plastics*, 287 N.C. 232, 235, 214 S.E. 2d 49, 51 (1975), we find the following language pertinent to the case before us:

> A prohibitory preliminary injunction is granted only when irreparable injury is real and immediate. Its purpose is to preserve the status quo of the subject matter involved until a trial can be had on the merits. 4 Strong, N.C. Index 2d, Injunctions § 1, p. 388 (1968); *In re Reassignment of Albright*, 278 N.C. 664, 180 S.E. 2d 798 (1971); *Hall v. Morganton*, 268 N.C. 599, 151 S.E. 2d 201 (1966); *Starbuck v. Havelock*, 252 N.C. 176, 113 S.E. 2d 278 (1960). The issuing court, after weighing the equities and the advantages and disadvantages to the parties, determines in its sound discretion whether an interlocutory injunction should be granted or refused. The court cannot go further and determine the final rights of the parties which must be reserved for the trial of the action. 2 McIntosh, North Carolina Practice and Procedure 2d, § 2219 (1956); *In re Reassignment of Albright, supra; Grantham v. Nunn*, 188 N.C. 239, 124 S.E. 309 (1924). "In passing on the validity of an interlocutory injunction the appellate court is not bound by the findings of fact made by the issuing court, but may review the evidence and make

its own findings . . . ." *In re Reassignment of Albright, supra.* *Accord, Conference v. Creech and Teasley v. Creech and Miles,* 256 N.C. 128, 123 S.E. 2d 619 (1962); *Lance v. Cogdill,* 238 N.C. 500, 78 S.E. 2d 319 (1953).

An applicant for a preliminary injunction has the burden of showing a reasonable probability of substantial and irreparable injury to the applicant from the continuance of the activity of which it complains to the final determination of the action. *Board of Provincial Elders v. Jones,* 273 N.C. 174, 159 S.E. 2d 545 (1968). The applicant must do more than merely allege that irreparable injury will occur. "The applicant is required to set out with particularity facts supporting such statements so the court can decide for itself if irreparable injury will occur." *United Telephone Co. of the Carolinas, Inc. v. Universal Plastics, Inc., supra,* 287 N.C. at 236, 214 S.E. 2d at 52.

The record in the present case fails to disclose any facts from which we can determine that plaintiff will suffer irreparable harm if defendant's sign control ordinance is enforced against it. We find only the allegation that plaintiff will suffer injury in that "removal and abandonment [of the blimp and searchlight] will cost it many thousands of dollars in loss of property and profits," and that it will either have to remove the objects or "subject itself to daily arrest and fines . . . ." There is nothing which would permit us to know the extent to which plaintiff's business or goodwill may be damaged by the imposition of defendant's ordinance. The lack of particularity in plaintiff's application is in stark contrast to other decisions where our courts have upheld the granting of a preliminary injunction dealing with alleged business losses. *See, e.g., Schloss v. Jamison,* 258 N.C. 271, 128 S.E. 2d 590 (1962). *Cf. United Telephone Co. of the Carolinas, Inc. v. Universal Plastics, Inc., supra* (issuance of preliminary injunction on facts alleged held error).

It is not necessary for us to determine whether plaintiff has the right to the continued use of its blimp and searchlight in the face of defendant's ordinance prohibiting such activity. This and all other issues raised by the pleadings will be determined at the final hearing of this action.

We are aware of *State v. School*, 299 N.C. 351, 261 S.E. 2d 908 (1980), where the Court, in a unanimous opinion, said that unless a substantial right of appellant is endangered, appeal from the granting of a preliminary restraining order cannot be maintained. While we do not think appellant here has shown deprivation of a substantial right, we have, nevertheless, entertained the appeal. Future appeals of this nature will be examined in the light of *State v. School, supra.*

For the reasons stated, the order of the trial court granting the preliminary injunction is reversed and the case is remanded for trial on its merits.

Reversed and remanded.

Judges PARKER and WELLS concur.