COBLE DAIRY PRODUCTS COOPERATIVE, INC. v. STATE OF NORTH
CAROLINA, EX REL. NORTH CAROLINA MILK COMMISSION, HERBERT
C. HAWTHORNE, DR. VILA M. ROSENFIELD, DR. ISABELLA W. CAN-
NON, RUSSELL E. DAVENPORT, OREN J. HEFFNER, INEZ M. MYLES,
B. F. NESBITT, NORMA T. PRICE, DAVID A. SMITH, WILLIAM E.
YOUNTS, JR., MEMBERS OF THE NORTH CAROLINA MILK COMMISSION, AND
GRADY COOPER, JR., EXECUTIVE SECRETARY OF THE NORTH CAROLINA MILK
COMMISSION

No. 8110SC1125

(Filed 6 July 1982)

**Injunctions § 13.2— dissolving temporary injunction—failure to show irreparable
harm**

    An order temporarily restraining the N.C. Milk Commission from holding
a public hearing concerning plaintiff's milk prices was properly dissolved
where unsupported statements in the affidavits by two of plaintiff's officers
were insufficient to establish that the court's failure to issue injunctive relief
would result in irreparable harm to plaintiff's business.

APPEAL by plaintiff from *Bailey, Judge.* Order entered 22
May 1981 in Superior Court, WAKE County. Heard in the Court of
Appeals 8 June 1982.

This action stems from an order issued by the State Milk
Commission on 3 February 1981, directing Coble to appear at a
public hearing concerning Coble's milk prices. The purpose of the
hearing was to be to determine whether the prices charged by
Coble to three of its customers violated a provision of G.S.
106-266.19 which prohibits below-cost sales designed to injure,
harass or destroy competition in the dairy industry.

Prior to the date for hearing, Coble brought this action seek-
ing to restrain the Milk Commission from holding the public hear-
ing. A temporary restraining order was entered enjoining the
public hearing until after a show cause hearing on plaintiff's
claim. Following the show cause hearing, the court entered an
order dissolving the temporary restraining order. Plaintiff ap-
pealed and was granted a stay of the order pending this appeal.

*Broughton, Wilkins & Crampton, by J. Melville Broughton,
Jr., and H. Julian Philpott, Jr., and Joe H. Leonard, for plaintiff
appellant.*

*Harris, Cheshire, Leager & Southern, by Samuel R. Leager
and W. C. Harris, Jr., for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the evidence before the court entitled it to a preliminary injunction and that the order dissolving the temporary restraining order was entered in error. In support of this contention, Coble argues that it will ultimately prevail in the controversy and that the court's failure to issue injunctive relief will result in irreparable harm to Coble's business. Coble contends that the Commission's procedures for cost determination are arbitrary and inefficient and that the Commission, in recognition of this fact, is in the process of restructuring its procedures. Coble seeks a stay of the below-cost hearing until this restructuring is complete, claiming this would spare Coble irreparable loss while causing no corresponding loss to the Commission.

Coble claims a hearing at which its prices and costs are made public will result in the loss of numerous customers and spoilage of milk, causing irreparable harm to Coble. Its only support for this claim, however, is in the form of unsupported statements in the affidavits of two Coble officers. Such unsupported allegations do not fulfill the requirement that the applicant for injunctive relief "set out with particularity facts supporting [its allegations] so the court can decide for itself if irreparable injury will occur." *Goodman Toyota v. City of Raleigh*, 47 N.C. App. 628, 632, 267 S.E. 2d 714, 716 (1980), quoting *United Telephone Co. of Carolinas, Inc. v. Universal Plastics, Inc.*, 287 N.C. 232, 236, 214 S.E. 2d 49, 52 (1975). Indeed, it would appear that plaintiff could not succeed in this appeal without revealing much of the very information it seeks to keep secret, since a forecast of specific evidence is required of the applicant for a preliminary injunction.

Having concluded that Coble failed to fulfill one of the requirements for a grant of injunctive relief, we hold that the court properly dissolved its temporary restraining order.

We find it unnecessary to reach the question of the likelihood that plaintiff ultimately will prevail in the underlying controversy. Nor do we find it necessary to discuss the merits of the Milk Commission's challenged procedures. With regard to the latter, however, we do question the Commission's wisdom in refusing to postpone its hearing in this case pending its planned review and possible revision of those procedures. While we have concluded

Ind-Com Electric Co. v. First Union

that it was not legally required to do so, the Commission's intransigence would appear to serve little purpose.

The order of the trial court dissolving its temporary restraining order against defendant is

Affirmed.

Judges HEDRICK and WELLS concur.